2002 ME 103

**UNITED STATES OF AMERICA, DEPT. OF AGRICULTURE, RURAL HOUSING SERVICE**

v.

**David M. CARTER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 18, 2002.

Decided: June 25, 2002.

Richard H. Broderick, Esq., Broderick & Broderick, Lincoln, for the plaintiff.

Robert C. Granger, Esq., Roy, Beardsley, Williams & Granger, Ellsworth, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] David Carter appeals from an order denying his motion for a summary judgment entered by the District Court (Ellsworth, *Murray, J.*) in an action filed against him by the United States Department of Agriculture, Rural Housing Service (USDA) for foreclosure and sale and to recover amounts due on a note and amounts expended by the USDA to protect the priority of its mortgage pending foreclosure.[1] Carter argues that he has been discharged from his obligations on the note because the USDA dealt exclusively with his ex-wife, Pauline Piscopo, after their divorce judgment had assigned to her full responsibility for the debt. Because it is not from a final judgment, we dismiss the appeal.

[¶ 2] On February 13, 1995, David Carter and Pauline Piscopo, who were married at the time, executed a promissory note to USDA as part of a loan transaction with that agency. The note provided that they would repay the principal amount of $48,142.55 plus interest over the course of thirty-three years. The monthly payment amount was $487.00. Carter and Piscopo executed a real estate mortgage on their property in Blue Hill to secure the note.

[¶ 3] Carter and Piscopo divorced on July 1, 1998. The divorce judgment

---

1. Specifically, USDA paid some delinquent property taxes for which the government could have imposed a prior tax lien on the property.

awarded the mortgaged property to Piscopo and provided that she "shall be exclusively responsible for the satisfaction of such debt and shall hold the other party harmless upon any such debt."

[¶ 4] Piscopo fell in arrears on the note payments. She signed a reamortization agreement with the USDA on December 13, 1998, that extended the repayment term and reduced the monthly payment amount. When the form was presented to Piscopo it included the names of both her and Carter. The USDA concedes that, with its approval, Carter's name was crossed out, and only Piscopo signed the agreement. Carter asserts, and the USDA does not dispute, that he had no knowledge of the fact that Piscopo missed any payments or that she and the USDA had entered the new agreement.

[¶ 5] Piscopo again fell behind on payments on the note. The USDA accelerated the amount due on the loan, and filed this complaint in the District Court against Carter and Piscopo seeking to foreclose on the property and payment of any deficiency.

[¶ 6] Carter filed a motion for a summary judgment, in which he argued that USDA's actions after the divorce, specifically, failing to notify him the first time that Piscopo defaulted on the note and negotiating solely with Piscopo, had "ratified" the divorce judgment and consequently discharged his obligations under the note. The court entered an order denying his motion for a summary judgment.[2] Carter then filed this appeal.

[¶ 7] Normally, a party cannot appeal a decision until a final judgment has been rendered in the case. *See Andrews v. Dep't of Envtl. Prot.*, 1998 ME 198, ¶ 4, 716 A.2d 212, 215. We have recognized three exceptions to this so-called final judgment rule: the collateral order exception, the death knell exception, and the judicial economy exception. *See State v. Maine State Employees Ass'n*, 482 A.2d 461, 463–65 (Me.1984). Contrary to Carter's contentions, none of the three exceptions can be applied in this case.

## I. THE COLLATERAL ORDER EXCEPTION

[¶ 8] In order to invoke the collateral order exception to the final judgment rule, the appellant must establish three things: (1) the decision is a final determination of a claim separable from the gravamen of the litigation; (2) it presents a major unsettled question of law; and (3) it would result in irreparable loss of the rights claimed, absent immediate review. *Maine State Employees Ass'n*, 482 A.2d at 464. Here the first and third elements are not satisfied, and we need not determine whether this case presents a major unsettled question of law.

[¶ 9] The denial of Carter's motion for summary judgment is not "separable from the gravamen of the litigation" because it involves the very question that is the subject of this foreclosure action: whether Carter is obligated on the note. Although Carter contends that the question of whether he is entitled to a judgment as a matter of law differs from whether he should ultimately prevail at trial, his contention is unpersuasive. Whether Carter is entitled to judgment as a matter of law involves the same basic determinations that will have to be made at a trial.

[¶ 10] Nor will Carter's rights be irreparably lost if he is not allowed to

---

**2.** The USDA also filed a motion for summary judgment on the grounds that, as a matter of law, its conduct did not constitute a discharge of Carter's obligations under the note. The court denied that motion as well.

immediately appeal the denial of summary judgment. Carter's interest in not being burdened by being required to participate in a trial cannot, in and of itself, be the basis for invoking the collateral order exception because it is a burden common to every party whose motion for a summary judgment is denied.[3] *See In re Corrugated Container Antitrust Litigation,* 694 F.2d 1041, 1043 (5th Cir.1983) ("The only injury that [the appellant] asserts is that it will have to present its defense at trial, but that sort of injury follows in every denial of a motion to dismiss a complaint and does not justify an exception to the final-judgment rule."). "If the expense of litigation were a sufficient reason for granting an exception to the final judgment rule, the exception might well swallow the rule." *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 436, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (quoting *Lusardi v. Xerox Corp.,* 747 F.2d 174, 178 (3rd Cir.1984)).

■ [¶ 11] Carter also contends that he has a right not to have his credit harmed by this litigation. The factual basis for this contention is not clearly articulated, but even if there is information about this suit being reported to credit agencies, the reporting is temporary, and is a necessary incident to litigation of this nature; it is not significant enough to justify the application of the collateral order exception. Moreover, we cannot evaluate whether the appearance of a foreclosure action on Carter's credit report is unfair without first deciding the merits of this case. Thus the

collateral order exception to the final judgment rule cannot be applied.

## II. THE DEATH KNELL EXCEPTION

■ [¶ 12] The death knell exception to the final judgment rule allows a party to appeal an interlocutory order immediately if "substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Webb v. Haas,* 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264 (quoting *Cook v. Cook,* 574 A.2d 1353, 1354 (Me.1990)). The exception is only available when the injury to the plaintiff's claimed right would otherwise be "imminent, concrete, and irreparable." *Morse Bros., Inc. v. Webster,* 2001 ME 70, ¶ 14, 772 A.2d 842, 847 (quoting *Lewellyn v. Bell,* 635 A.2d 945, 948 (Me.1993)). A right will be irreparably lost if the appellant would not have an effective remedy if the interlocutory determination were to be vacated after a final disposition of the entire litigation. *See In re Bailey M.,* 2002 ME 12, ¶ 8, 788 A.2d 590, 594 (appellant could immediately appeal decision not to open proceedings to the public because there would be no way to open proceedings retroactively after final judgment); *Andrews,* 1998 ME 198, ¶ 4, 716 A.2d at 215 (interlocutory review of denial of qualified immunity at summary judgment stage proper because defendant would irreparably lose right to avoid having to defend against suit). The fact that a delay will involve some harm to the appellant is not sufficient to constitute an

---

**3.** There are some instances where a party does have a right not to be burdened with a trial, such as when a party's actions are protected by official immunity, which we have held falls within the death knell exception to the final judgment rule. *See Webb v. Haas,* 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264. The right to avoid a suit because of immunity is distinct from a substantive right that will prevent an adverse judgment on the merits, however. *See Andrews v. Dep't of Envtl. Prot.,*

1998 ME 198, ¶ 4, 716 A.2d 212, 215 (official immunity provides more than just protection from damages; it is designed to prevent government officials from the burdens of trial, including discovery); *Alaska v. United States,* 64 F.3d 1352, 1357 (9th Cir.1995) (official immunity is different from other defenses because "the judicial inquiry itself, rather than just a merits judgment, causes the disruption that the doctrine of immunity was designed to prevent").

"irreparable loss" when the harm will last only for the duration of the litigation and is temporary. *See In re Erica B.*, 520 A.2d 342, 345 (Me.1987) (although preliminary order suspending custody of child implicated a substantial right, it was not immediately appealable because the harm was only temporary). Carter has not demonstrated an irreparable loss.

### III. JUDICIAL ECONOMY EXCEPTION

 [¶ 13] The judicial economy exception is available in "those rare cases in which appellate review of a non-final order can establish a final, or practically final, disposition of the entire litigation." *Maine State Employees Ass'n*, 482 A.2d at 465. The exception applies only when a decision on the appeal before us, regardless of what it is, would effectively dispose of the entire case. *Id.* Carter argues that the decision rendered in this case will dispose of the entire litigation because, once we review the merits of the denial of his motion for summary judgment, we will agree that he is entitled to a summary judgment in his favor. Only a decision *that is favorable to* Carter, however, will dispose of the entire case. If we were to *affirm* the trial court's denial of a summary judgment, then our decision would not dispose of the entire litigation. If the availability of the judicial economy exception depended on our deciding the case in a certain way, then the judicial economy exception would eviscerate the final judgment rule because we would have to decide the merits in order to determine if the appeal was properly before us. Thus, the judicial economy exception does not apply.

The entry is:

Appeal dismissed.