2002 ME 174

Nancy AUSTIN, o/b/o Serenity SOIETT,

v.

UNIVERSAL CHEERLEADERS ASSOCIATION.

Supreme Judicial Court of Maine.

Argued: Nov. 14, 2002.
Decided: Dec. 17, 2002.

Sumner H. Lipman, Esq. (orally), Karen E. Boston, Esq., Lipman, Katz & McKee, P.A., Augusta, ME, for plaintiffs.

Harrison L. Richardson, Esq. (orally), Elizabeth G. Stouder, Esq., Barri L. Bloom, Esq., Richardson, Whitman, Large & Badger, P.C., Portland, ME, for defendant Universal Cheerleaders Ass'n.

Eugene C. Coughlin, Esq., Vafiades, Brountas & Kominsky, LLP, Bangor, ME, for defendant City of Augusta.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] Universal Cheerleaders Association (Universal) appeals from an *in limine* order of the Superior Court (Kennebec County, *Marden, J.*) regarding the jury verdict form to be used in this personal injury lawsuit. Universal contends that (1) the court's order is an appealable order even though it is not a final judgment, and (2) the court erroneously deprived Universal of the right to choose between requesting apportionment of liability or taking a setoff in the amount the City of Augusta, also a defendant in this action, paid the plaintiff in exchange for a "Pierringer" release. *See Pierringer v. Hoger*, 21 Wis.2d 182, 124 N.W.2d 106 (1963). We dismiss the appeal and do not reach the Pierringer release issue because the appeal is interlocutory and does not satisfy any of the exceptions to the final judgment rule.

## I. BACKGROUND

[¶ 2] Nancy Austin, the mother of Serenity Soiett, alleges that in December 1995 her daughter was seriously injured after she fell backward and hit her head while practicing a stunt at a cheerleading clinic. Austin brought suit on behalf of Serenity, who was then age fourteen, against Universal, which ran the clinic, and

the City of Augusta, which sponsored Serenity's participation in the clinic. The City settled with Austin, paying her $290,000 in exchange for Austin signing a Pierringer release. A Pierringer release enables a plaintiff to settle with one defendant without releasing a nonsettling defendant from liability, allowing the settling defendant to avoid becoming liable to the nonsettling defendant for contribution or indemnity claims. *Thurston v. 3K Kamper Ko., Inc.*, 482 A.2d 837, 839 n. 1 (Me.1984).[1]

[¶ 3] At a trial management conference, Universal argued that because of the Pierringer release signed by Austin, it was entitled, pursuant to 14 M.R.S.A. §§ 156, 163 (Supp.2001),[2] to choose between requesting apportionment of responsibility or receiving a setoff. The Superior Court ruled that because one party—the plaintiff—had requested it, the jury verdict

form would contain appropriate interrogatories to provide for allocation of responsibility between the settling and nonsettling defendants. Universal responded by filing a motion with the Superior Court, pursuant to M.R.App. P. 24(c), asking the court to report the issue addressed in the *in limine* order to us. When the Superior Court denied its motion to report, Universal appealed the *in limine* order. Austin, in turn, moved to dismiss Universal's appeal, asserting that it was an impermissible interlocutory appeal.

## II. DISCUSSION

[¶ 4] With limited exceptions, a party may not appeal a decision until a final judgment has been rendered in the case. *See, e.g., United States Dep't of Agric., Rural Hous. Serv. v. Carter*, 2002 ME 103, ¶ 7, 799 A.2d 1232, 1234. This

---

1. In *3K Kamper Ko.*, we explained:

   In essence, the Pierringer release is predicated on the notion that each tortfeasor should be liable only for that portion of the loss or injury attributable to his own fault, and therefore the release *does not preclude* submission of the issue of the released tortfeasor's fault to the fact-finder in a suit against a nonsettling tortfeasor.

   482 A.2d at 839 n. 1.

2. Section 156 provides, in pertinent part:

   If a defendant is released by the plaintiff under an agreement that precludes the plaintiff from collecting against remaining parties that portion of any damages attributable to the released defendant's share of responsibility, then the following rules apply.

   **1. General rule.** The released defendant is entitled to be dismissed with prejudice from the case. The dismissal bars all related claims for contribution assertable by remaining parties against the released defendant.

   **2. Post-dismissal procedures.** The trial court must preserve for the remaining parties a fair opportunity to adjudicate the liability of the released and dismissed defendant. Remaining parties may conduct

discovery against a released and dismissed defendant and invoke evidentiary rules at trial as if the released and dismissed defendant were still a party.

   **3. Binding effect.** To apportion responsibility in the pending action *for claims that were included in the settlement and presented at trial*, a finding on the issue of the released and dismissed defendant's liability binds all parties to the suit, but such a finding has no binding effect in other actions relating to other damage claims.

   14 M.R.S.A. § 156 (Supp.2001) (emphasis added).

   Section 163 provides, in pertinent part:

   With regard to a settlement in which the plaintiff has entered into an agreement that precludes the plaintiff from collecting against remaining parties that portion of any damages attributable to the settling defendant's share of responsibility, *the judge shall reduce the plaintiff's judgment by either the amount determined at trial to be attributable to the settling defendant's share of responsibility, if any was found, or, if no such finding is made, by the value of the consideration given to the plaintiff for the settlement.*

   14 M.R.S.A. § 163 (Supp.2001) (emphasis added).

Court has recognized three exceptions to our final judgment rule: (1) the death knell exception; (2) the collateral order exception; and (3) the judicial economy exception. *Id.* Universal's appeal does not fall within any of these exceptions.

[¶ 5] The death knell exception to the final judgment rule enables a party to appeal an interlocutory order if " 'substantial rights of a party will be irreparably lost if review is delayed until final judgment.' " *Id.* ¶ 12, 799 A.2d at 1235 (quoting *Webb v. Haas,* 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264). Because the court's action with respect to the jury verdict form will be reviewable after judgment if the issue is properly preserved, the death knell exception is inapplicable to Universal's appeal.

[¶ 6] To fall within the collateral order exception, Universal must establish three requirements: "(1) the decision is a final determination of a claim separable from the gravamen of the litigation; (2) it presents a major unsettled question of law; and (3) it would result in irreparable loss of the rights claimed, absent immediate review." *Carter,* 2002 ME 103, ¶ 8, 799 A.2d at 1234. Although the issue presented may be characterized as a major unsettled question of law, neither the first nor third requirements of this exception are present. Again, the issue presented is reviewable after judgment if properly preserved. Thus, the collateral order exception is inapplicable.

[¶ 7] The judicial economy exception to the final judgment rule is available if two requirements are met: "first, that 'review of a non-final order can establish a final, or practically final, disposition of the entire litigation,' ... and second, that the interests of justice require that immediate review be undertaken." *Town of Otis v. Derr,* 2001 ME 151, ¶ 3, 782 A.2d 788, 789

(quoting *State v. Me. State Employees Ass'n,* 482 A.2d 461, 465 (Me.1984)). Because reviewing the *in limine* order would not dispose of the lawsuit, the judicial economy exception also does not apply to Universal's appeal.

[¶ 8] Finally, we have previously suggested the possible need to recognize additional exceptions to the final judgment rule "if the extraordinary circumstances of a case warrant doing so." *Dep't of Human Servs. v. Lowatchie,* 569 A.2d 197, 199 (Me.1990). No such extraordinary circumstances, however, distinguish the in limine order entered in this case from most other interlocutory jury trial management decisions.

[¶ 9] Because we conclude that Universal's appeal is not reviewable, we do not reach its arguments on the merits.

The entry is:

Appeal dismissed.