MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2019 ME 26
Docket:       Cum-18-98
Argued:       December 11, 2018
Decided:      February 21, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

HEARTS WITH HAITI, INC., et al

v.

PAUL KENDRICK

JABAR, J.

[¶1]  Hearts with Haiti, Inc., and Michael Geilenfeld (collectively "HWH") filed a multicount complaint alleging defamation, false light, tortious interference with advantageous business relationships, and intentional infliction of emotional distress by Paul Kendrick.  Kendrick subsequently filed a special motion to dismiss pursuant to Maine's anti-strategic lawsuit against public participation statute (anti-SLAPP statute), 14 M.R.S. § 556 (2018).  Kendrick also moved for partial judgment on the pleadings based on the statute of limitations, 14 M.R.S. § 753 (2018), and for dismissal of HWH's intentional infliction of emotional distress claim on the ground that the claim was subsumed by HWH's defamation claim.  *See* M.R. Civ. P. 12(c).  The Superior Court (Cumberland County, *Mills, J.*) denied Kendrick's special motion to

dismiss and his motion for partial judgment based on the statute of limitations, but it granted in part his motion for partial judgment by dismissing HWH's intentional infliction of emotional distress claim.

[¶2]  Kendrick appeals from the court's order denying his special motion to dismiss pursuant to the anti-SLAPP statute and the portion of the court's order denying his motion for partial judgment on the pleadings based on the statute of limitations.  HWH cross-appeals from the portion of the court's order dismissing HWH's claim for intentional infliction of emotional distress.  Because we hold that Kendrick's appeal and HWH's cross-appeal of the court's order on the motion for partial judgment on the pleadings are interlocutory, we address only the court's denial of Kendrick's special motion to dismiss.  Discerning no error, we affirm that part of the court's judgment and remand the matter to the trial court.

## I.  BACKGROUND

[¶3]   The following facts are derived from HWH's complaint and Kendrick's affidavit filed in conjunction with his special motion to dismiss pursuant to the anti-SLAPP statute.  *See Nader v. Me. Democratic Party (Nader II)*, 2013 ME 51, ¶ 2, 66 A.3d 571; *Nader v. Me. Democratic Party (Nader I)*, 2012 ME 57, ¶ 33, 41 A.3d 551.

[¶4]  Michael Geilenfeld, a United States citizen, founded the St. Joseph's Home for Boys in Haiti, which provides residence and schooling to disadvantaged children.  Hearts with Haiti, Inc., is a nonprofit organization registered in North Carolina and supports St. Joseph's Home for Boys through fundraising and mission trips.  Paul Kendrick is a resident of Freeport, Maine, who describes himself as a volunteer and advocate who acts for the protection of children by bringing those whom he alleges are perpetrators of sexual abuse to justice.

[¶5]  Kendrick alleges that he received information that Geilenfeld was sexually abusing children being cared for at St. Joseph's in Haiti.  Kendrick claims that he reached out to HWH with this information but that HWH provided no assistance in addressing these allegations.  As a result, Kendrick began to publicly speak out about the alleged sexual abuse for the purpose of raising public awareness to pressure law enforcement agencies into an investigation.  Over the next several years, Kendrick continuously contacted the donors of both HWH and St. Joseph's with allegations that Geilenfeld was sexually abusing children and that HWH was complicit in covering up the abuse.

[¶6]  In February 2013, HWH filed a complaint in the United States District Court for the District of Maine alleging that Kendrick's actions have

resulted in severe financial loss as a result of decreased support and irreparable harm to its reputation. After two years of litigation, a federal jury found in favor of HWH, awarding a total of $14.5 million in damages. Kendrick appealed to the United States Court of Appeals for the First Circuit, but while the appeal was pending it was discovered that the federal court lacked subject matter jurisdiction from the outset, and the case was ultimately dismissed. *See Hearts with Haiti, Inc. v. Kendrick*, 192 F. Supp. 3d 181, 184, 208 (D. Me. 2016).

[¶7] In August 2016, HWH filed an almost identical complaint in the Maine Superior Court (Cumberland County). In response, Kendrick filed a motion for partial judgment on the pleading, arguing that HWH's complaint was barred by the applicable statute of limitations and that HWH's claim for intentional infliction of emotional distress was subsumed by its defamation claim. A stay was granted pending the outcome of HWH's appeal of the dismissal in the federal case, which was ultimately affirmed. *See Hearts with Haiti, Inc. v. Kendrick*, 856 F.3d 1, 4 (1st Cir. 2017). Following the First Circuit's affirmance, Kendrick filed a special motion to dismiss HWH's complaint in the Superior Court pursuant to Maine's anti-SLAPP statute, alleging that his activity was protected by the First Amendment. The court denied Kendrick's special motion to dismiss and his motion for partial judgment based on the statute of

limitations, but it partially granted his motion for partial judgment by dismissing HWH's intentional infliction of emotional distress claim. Kendrick timely appealed the denials, and HWH cross-appealed the dismissal of its emotional distress claim. *See* 14 M.R.S. § 1851 (2018); M.R. App. P. 2B(c)(1), 2C(a)(2).

## II.  DISCUSSION

A.    Kendrick's Special Motion to Dismiss

[¶8]  Kendrick first appeals from the court's denial of his special motion to dismiss, arguing that the court erred by finding that the activity alleged in HWH's complaint is not protected petitioning activity.[1]  "We review the denial of an anti-SLAPP motion de novo."  *See Gaudette v. Mainely Media, LLC (Gaudette II)*, 2017 ME 87, ¶ 10, 160 A.3d 539.

[¶9]  A "Strategic Lawsuit Against Public Participation (SLAPP) refers to litigation instituted not to redress legitimate wrongs, but instead to dissuade or punish the defendant's First Amendment exercise of rights through the delay,

---

[1] Although Kendrick's appeal from the court's denial of his special motion to dismiss is interlocutory, we have consistently allowed such appeals "because a failure to grant review of these decisions at this stage would impose additional litigation costs on defendants, the very harm the statute seeks to avoid, and would result in a loss of defendants' substantial rights."  *Schelling v. Lindell*, 2008 ME 59, ¶ 8, 942 A.2d 1226; *see also Morse Bros., Inc. v. Webster*, 2001 ME 70, ¶ 15, 772 A.2d 842 ("Precluding the moving party from appealing a decision on the motion would result in continued litigation, which is the precise harm that the statute seeks to prevent.").

distraction, and financial burden of defending the suit." *Gaudette v. Davis (Gaudette I)*, 2017 ME 86, ¶ 4, 160 A.3d 1190 (quotation marks omitted); *see also Morse Bros., Inc. v. Webster*, 2001 ME 70, ¶ 10, 772 A.2d 842. To combat such lawsuits, Maine enacted its anti-SLAPP statute, 14 M.R.S. § 556, which "purports to provide a means for the swift dismissal of such lawsuits early in the litigation as a safeguard on the defendant's First Amendment right to petition." *Gaudette I*, 2017 ME 86, ¶ 4, 160 A.3d 1190. In relevant part, the anti-SLAPP statute provides that

> [w]hen a moving party asserts that the civil claims, counterclaims or cross claims against the moving party are based on the moving party's exercise of the moving party's right of petition under the Constitution of the United States or the Constitution of Maine, the moving party may bring a special motion to dismiss. . . . The court shall grant the special motion, unless the party against whom the special motion is made shows that the moving party's exercise of its right of petition was devoid of any reasonable factual support or any arguable basis in law and that the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleading and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

14 M.R.S. § 556.

[¶10] The application of the anti-SLAPP statute results in an inherent tension between the coexisting constitutional right to freedom of speech and the right to access the courts to seek redress for claimed injuries. *See*

*Gaudette I*, 2017 ME 86, ¶¶ 6, 15, 160 A.3d 1190. Accordingly, in addressing a special motion to dismiss, the reviewing court must be careful to recognize these competing rights and work to achieve an appropriate balance. *See Nader I*, 2012 ME 57, ¶¶ 21-22, 41 A.3d 551. In an effort to achieve this balance, we require that the reviewing court use a three-step burden-shifting procedure. *See Gaudette I*, 2017 ME 86, ¶¶ 16-22, 160 A.3d 1190.

[¶11] At the first step, "the moving party (usually the defendant) must demonstrate, as a matter of law, that the anti-SLAPP statute applies to the conduct that is the subject of the plaintiff's complaint by establishing that the suit was based on some activity that would qualify as an exercise of the defendant's First Amendment right to petition the government." *Desjardins v. Reynolds*, 2017 ME 99, ¶ 8, 162 A.3d 228 (footnote omitted) (quotation marks omitted). If the moving party fails to meet this burden, then the special motion to dismiss must be denied. *See Gaudette I*, 2017 ME 86, ¶ 16, 160 A.3d 1190. Here, the court found that Kendrick failed to meet his burden at the first step, and it properly denied his special motion to dismiss.

[¶12] Pursuant to the anti-SLAPP statute, petitioning activity includes "any written or oral statement made before or submitted to a legislative, executive or judicial body, or any other governmental proceeding." 14 M.R.S.

§ 556; *see Nader II*, 2013 ME 51, ¶ 16, 66 A.3d 571. "This definition is informed by the First Amendment," and therefore, "a petition conveys the special concerns of its author to the government and, in its usual form, requests action by the government to address those concerns." *Nader II*, 2013 ME 51, ¶ 16, 66 A.3d 571 (quotation marks omitted).

[¶13] HWH's complaint alleges a string of conduct and statements by Kendrick that were specifically aimed at HWH's benefactors and various other third parties, not governmental entities. The statements generally urge benefactors not to donate to HWH and pressure third parties not to do business with HWH. Few of the statements include any call to action; rather, the statements include multiple threatening or derogatory messages. Such statements are fundamentally different from those that we have previously held to be protected by the anti-SLAPP statute. *See, e.g., Gaudette I*, 2017 ME 86, ¶¶ 2, 23, 160 A.3d 1190 (statements about sexual abuse by a police officer made to a local newspaper and read aloud at a public forum); *Schelling v. Lindell*, 2008 ME 59, ¶¶ 3, 13, 942 A.2d 1226 (letter submitted to local newspaper); *Maietta Constr., Inc. v. Wainwright*, 2004 ME 53, ¶ 7, 847 A.2d 1169 (letters addressed to the city council and mayor, and statements made to newspapers); *see also Morse Bros.*, 2001 ME 70, ¶ 10, 772 A.2d 842 (recognizing

that "[t]he typical mischief that the anti-SLAPP legislation intended to remedy was lawsuits directed at individual citizens of modest means for speaking out publicly against development projects" (quotation marks omitted)).

[¶14] While the court did acknowledge that some of Kendrick's statements could be considered petitioning activities, it correctly determined that a substantial majority of his statements and conduct are not. The purpose of the anti-SLAPP statute is to protect against *meritless* claims brought to delay, distract, and punish activists for speaking out. *See id.* ("Because winning is not a SLAPP plaintiff's primary motivation, defendants' traditional safeguards against meritless actions[] (suits for malicious prosecution and abuse of process, requests for sanctions) are inadequate to counter SLAPPs." (quotation marks omitted)). Thus, the statute seeks to protect those exercising their First Amendment rights from retaliatory lawsuits. *Id.* But where a lawsuit alleges a string of tortious and defamatory conduct, only a small portion of which possibly includes petitioning activity, the protections of the anti-SLAPP statute are not applicable.

[¶15] Accordingly, because HWH's complaint is not based on Kendrick's petitioning activities within the meaning of the anti-SLAPP statute, the court did not err by denying Kendrick's special motion to dismiss.

B.	Kendrick's Motion for Partial Judgment

[¶16]	Kendrick also appeals the court's order denying his motion for partial judgment based upon the statute of limitations, and HWH cross-appeals the court's order dismissing HWH's intentional infliction of emotional distress claim.  Neither of these appeals is taken from a final judgment, and therefore, an exception to the final judgment rule must be applicable for these appeals to be cognizable.  *See Dep't of Human Servs. v. Poulin*, 2002 ME 54, ¶ 3, 794 A.2d 639.  These exceptions include (1) the death knell exception, (2) the collateral order exception, and (3) the judicial economy exception.  *See Tornesello v. Tisdale*, 2008 ME 84, ¶ 12, 948 A.2d 1244.  None of these exceptions is applicable here.

[¶17]	For either the death knell or the collateral order exception to be applicable, a party must suffer an irreparable loss of rights absent immediate review.  *U.S. Dep't of Agric., Rural Hous. Serv. v. Carter*, 2002 ME 103, ¶¶ 8, 12, 799 A.2d 1232.  Because Kendrick's statute of limitation defense can be reviewed on an appeal from a final judgment, no irreparable loss of right exists if the case proceeds to trial.  *See Tornesello*, 2008 ME 84, ¶ 18, 948 A.2d 1244; *Porazzo v. Karofsky*, 1998 ME 182, ¶ 5, 714 A.2d 826.  Likewise, the dismissal of HWH's claim for intentional infliction of emotional distress would not result in

irreparable harm or "be effectively mooted if not immediately addressed," as it could also be reviewed on an appeal from a final judgment. *See State v. Me. State Emps. Ass'n*, 482 A.2d 461, 464 (Me. 1984).

[¶18]  The third exception, judicial economy, is applicable only "in those rare cases in which appellate review of a non-final order can establish a final, or practically final, disposition of the entire litigation." *Carter*, 2002 ME 103, ¶ 13, 799 A.2d 1232 (quotation marks omitted).  Immediate review of the court's order on Kendrick's motion for partial judgment would not accomplish this goal of finality as a substantial number of issues would remain in dispute. Further, any finality that immediate review could provide would depend on the outcome of our decision, which "would eviscerate the final judgment rule because we would have to decide the merits in order to determine if the appeal was properly before us." *Carter*, 2002 ME 103, ¶ 13, 799 A.2d 1232.

[¶19]  Therefore, because no applicable exception to the final judgment rule exists, we do not reach the merits of the appeals from the other portions of the court's judgment.

The entry is:

> Denial of Kendrick's special motion to dismiss affirmed.  Remainder of the appeal dismissed as interlocutory.  Remanded to the Superior Court

for further proceedings consistent with this opinion.

---

F. David Walker, IV, Esq., Brent A. Singer, Esq. (orally), and Jonathan P. Hunter, Esq., Rudman Winchell, Bangor, for appellant Paul Kendrick

Russell B. Pierce, Jr., Esq. (orally), and David A. Goldman, Esq., Norman, Hanson & DeTroy, LLC, Portland, for cross-appellants Hearts with Haiti, Inc., and Michael Geilenfeld