MAINE SUPREME JUDICIAL COURT                     Reporter of Decisions
Decision:      2022 ME 26
Docket:        BCD-21-205
Argued:        March 8, 2022
Decided:       April 26, 2022

Panel:         STANFILL, C.J., and MEAD, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.[*]


CHARLES R. MAPLES et al.

v.

COMPASS HARBOR VILLAGE CONDOMINIUM ASSOCIATION et al.


HUMPHREY, J.

[¶1]  Charles R. Maples and Kathy S. Brown appeal from an order entered in the Business and Consumer Docket (*Duddy, J.*) granting a motion, filed by some of the defendants,[1] to dismiss Maples and Brown's complaint, which seeks to enforce a prior judgment awarding Maples and Brown $241,701 in damages for their claims against Compass Harbor Village Condominium Association and Compass Harbor Village, LLC (separately, the Association and the LLC, and collectively, Compass Harbor).

---

[*] Although Justice Gorman participated in the appeal, she retired before this opinion was certified.

[1]  These defendants are or were individual owners of four condominium units in the Compass Harbor Village Condominium Association in Bar Harbor.  *See infra* n.6.

2

[¶2]   Because the appeal is not taken from a final judgment and no exception to the final judgment rule applies, we dismiss it as interlocutory.

## I. BACKGROUND

[¶3]   The following facts are drawn from Maples and Brown's amended complaint and from official public documents central to their claims. *See Packgen, Inc. v. Bernstein, Shur, Sawyer, and Nelson*, *P.A.*, 2019 ME 90, ¶ 3, 209 A.3d 116; *Moody v. State Liquor and Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43.  We view these facts as if they were admitted.  *Packgen*, 2019 ME 90, ¶ 3, 209 A.3d 116.

[¶4]   Maples and Brown both own condominium units in the twenty-four-unit Compass Harbor Village Condominium Association in Bar Harbor.  On July 22, 2019, the court entered a judgment in favor of Maples and Brown, finding that the LLC was liable to them for breach of fiduciary duty and that both the Association and the LLC were liable to them for breach of contract and violation of the Unfair Trade Practices Act (UTPA).  *See* 5 M.R.S. §§ 205-A to 214 (2022).  The court awarded $134,900 to Maples and $106,801 to Brown to compensate them for the "loss of real property rights, frustration, mental anguish, devaluing of their condominium units, and loss of the enjoyment of their condominium units."  *Brown v. Compass Harbor Vill. Condo. Ass'n*, 2020 ME

44, ¶ 10, 229 A.3d 158 (quotations and alterations omitted). The court also entered an order of specific performance, requiring, among other things, that Compass Harbor come into compliance with provisions of its bylaws and the Maine Condominium Act. *Id.* ¶ 11.

[¶5] Compass Harbor appealed that judgment, and, on April 9, 2020, we vacated the portion of the judgment on the UTPA claim, including the associated award of attorney fees, as well as the portion ordering specific performance, but we affirmed the judgment in all other respects.[2] *Id.* ¶ 1. Following the appeal, the court ordered Compass Harbor to pay Maples and Brown an additional $243,170.38 in attorney fees. Maples and Brown allege that the attorney fee award and the July 22, 2019, decision, as modified by us, together constitute the final judgment.

[¶6] On September 21, 2020, Maples and Brown recorded writs of execution in the Hancock County Registry of Deeds against the LLC, the Association, and the condominiums. When Maples and Brown recorded their

---

[2] We also confirmed that "the Association and the LLC [were] jointly and severally liable for the damages related to [Maples and Brown's] claims for breach of contract"; that "the LLC alone [was] liable for damages for the claim for breach of fiduciary duty"; and, finally, that "the LLC [was] liable to the Association for any costs incurred by the Association as the result of the judgment against it." *Brown v. Compass Harbor Vill. Condo. Ass'n*, 2020 ME 44, ¶ 26 n.6, 229 A.3d 158.

4

judgment, the LLC still owned fifteen condominium units in the Association, all of which were subject to a mortgage in favor of The First, N.A.

[¶7]  Despite this and other steps taken to secure payment, Maples and Brown did not receive payment for the final judgment, and on October 21, 2020, they filed in the Superior Court (Hancock County) a five-count complaint to commence the enforcement action now before us, naming as defendants the Association, the LLC, and the owners of seven other condominium units in the Association.[3]

[¶8]  On October 23, 2020, Orono, LLC, purchased the fifteen units previously held by the LLC from The First, N.A., at a foreclosure auction.  That sale discharged junior liens and encumbrances, including Maples and Brown's judgment lien against the LLC's fifteen units.  Maples and Brown filed an amended complaint on November 19, 2020, adding Orono as a defendant.[4]

---

[3]  The seven unit-owners were Tim Culbertson; Eli Simon; Michael McConomy; Marlo Dee Frontiera and Aaron Frontiera; The Rector, Wardens, and Vestry of St. Savior's Episcopal Church; Judith Hines and Ralph Hines; and Peter Geary, Christine Geary, and Jennifer Duffy.

[4]  On November 20, 2020, Orono moved to be substituted for the LLC as a defendant "by virtue of [Orono's] purchase . . . at a foreclosure auction sale . . . of all of the interest of Defendant Compass Harbor Village, LLC in . . . Compass Harbor Village Condominium."  *See* M.R. Civ. P. 25.  Maples and Brown opposed Orono's motion, stating that "[t]he LLC is still a proper and necessary party to this enforcement action because it is still a party to the underlying judgment that Plaintiffs seek to enforce."  Orono thereafter withdrew its motion for substitution, agreeing that "both Compass Harbor Village, LLC and Orono" would remain as parties.

[¶9]  Count 1 of the amended complaint seeks "equitable relief" through enforcement of the prior judgment, asking the court to order the Association to assess all unit owners, including Orono but not including Maples and Brown, for the full amount due on the judgment.  Count 2 seeks the appointment of a receiver.  Counts 3 and 4 allege that Maples and Brown's recorded judgment is, pursuant to 33 M.R.S. § 1603-117(a) (2022),[5] a lien against each individual condominium unit in the Association and seek foreclosure and turnover or a sale order of all defendants' units, except for the units now owned by Orono. Count 5 alleges contempt against Compass Harbor.

[¶10]  The defendants who are or were individual owners of four condominium units filed a motion to dismiss the complaint on January 8, 2021.[6] Neither Compass Harbor nor the other unit-owner defendants joined the motion.  The case was transferred to the Business and Consumer Docket on

---

[5]  Section 1603-117(a) of the Maine Condominium Act provides,

> A judgment for money against the association, if a lien order is filed with the Register of Deeds of the county where the condominium is located . . . is a lien in favor of the judgment lienholder against all of the units in the condominium at the time the judgment was entered.

33 M.R.S. § 1603-117(a) (2022).

[6]  The movants owning the four units were Eli Simon; Michael McConomy; Peter Geary, Christine Geary, and Jennifer Duffy; and Judith Hines and Ralph Hines.

6

January 14, 2021, and on April 20, 2021, the court heard oral argument on the motion to dismiss.

[¶11]  By order dated June 17, 2021, the court dismissed Counts 1, 3, 4, and 5 "with respect to the Movants."  The court denied the motion to dismiss Count 2.  As to Count 1—enforcement of the judgment through assessment of the unit owners—the court reasoned that it could not disregard the plain language of its prior judgment, which prohibits Compass Harbor from assessing the unit owners to satisfy payment of the judgment.  As the basis for dismissing Counts 3 and 4—foreclosure and turnover or sale of the units—the court determined that the judgment-lien mechanism provided in section 1603-117 of the Maine Condominium Act was inapplicable to the movants under the circumstances of this case.[7]

[¶12]  On July 1, 2021, the court granted Maples and Brown's motion to dismiss without prejudice Count 2 of their amended complaint, and on July 6, 2021, Maples and Brown timely appealed the court's order dismissing Counts 1, 3, 4, and 5 with respect to the movants.  M.R. App. P. 2B.

---

[7]  Although it appears from the complaint that Maples and Brown allege Count 5 against only Compass Harbor, the court dismissed Count 5, which sought a finding of contempt, as to the movants, determining that "to the extent Count V seeks collection of the full amount of the judgment through an order requiring the Association to make an assessment on the unit owners, it must be dismissed" because it is impossible for the Association to comply.

[¶13]  On October 7, 2021, we ordered that Orono be substituted in place of four of the defendant unit owners because Orono had purchased those parties' units during the summer of 2021.[8]

## II.  DISCUSSION

[¶14]  Maples and Brown argue that this case presents a "clear question of law" regarding the applicability of the judgment-lien mechanism established by section 1603-117 of the Maine Condominium Act.  They further argue that, although not all defendants moved to dismiss, our ruling on that question will "decide the entire case," and they urge us to review the court's order granting the motion to dismiss pursuant to the judicial economy exception to the final judgment rule.

[¶15]  "Ordinarily, the final judgment rule prevents a party from appealing a trial court's decision on a motion before a final judgment has been rendered."  *Fiber Materials, Inc. v. Subilia*, 2009 ME 71, ¶ 12, 974 A.2d 918. "A final judgment is a decision that fully decides and disposes of the entire matter pending before the court[,] leaving no questions for the future consideration and judgment of the court."  *Safety Ins. Grp. v. Dawson*, 2015 ME

---

[8]  Orono was substituted as successor-in-interest for the following parties: Marlo Dee Frontiera and Aaron Frontiera; The Rector, Wardens, and Vestry of St. Savior's Episcopal Church; Judith Hines and Ralph Hines; and Peter Geary, Christine Geary, and Jennifer Duffy.

64, ¶ 6, 116 A.3d 948 (quotation marks and alterations omitted); *see also* M.R. Civ. P. 54(b)(1). The final judgment rule "prevents piecemeal litigation[,] . . . minimizes interference with the trial process[,] . . . saves the appellate court from deciding issues which may ultimately be mooted," and encourages a "crisper, more comprehensible record for review." *Millett v. Atlantic Richfield Co.*, 2000 ME 178, ¶ 8, 760 A.2d 250 (quotation marks omitted). Thus, "[w]ith few exceptions, we decline to hear interlocutory appeals." *Town of Otis v. Derr*, 2001 ME 151, ¶ 2, 782 A.2d 788.

[¶16] Because the order granting the motion to dismiss does not fully dispose of the entire matter pending in the Business and Consumer Docket, it is not a final judgment, and an exception to the final judgment rule must apply for Maples and Brown's appeal from the order to be cognizable. *See Hearts with Haiti, Inc. v. Kendrick*, 2019 ME 26, ¶ 16, 202 A.3d 1189. The exceptions include (1) the death knell exception, (2) the collateral order exception, and (3) the judicial economy exception. *Id.* "A party urging that we reach the merits of an otherwise interlocutory appeal has the burden of demonstrating to us that [an] exception[] to the final judgment rule justifies our reaching the merits of the appeal." *Sanborn v. Sanborn*, 2005 ME 95, ¶ 6, 877 A.2d 1075.

[¶17] Maples and Brown do not assert the applicability of the death knell or collateral order exceptions, nor do we discern that their appeal fits under either of those exceptions here. We therefore discuss whether the judicial economy exception applies. This exception "permits an interlocutory appeal when (1) review of a non-final order can establish a final, or practically final, disposition of the entire litigation, and (2) the interests of justice require that immediate review be undertaken."[9] *Quirion v. Veilleux*, 2013 ME 50, ¶ 9, 65 A.3d 1287 (quotation marks omitted).

[¶18] The record here does not demonstrate that immediate review of the court's order granting the motion to dismiss, filed by some, but not all, defendants, can in at least one alternative establish a final or practically final disposition of the case. For example, the Association, the LLC, Orono, and Tim Culbertson remain parties to this action, yet none of them moved to dismiss, and the motion was therefore not granted as to them.[10]

---

[9] We clarify here that the availability of the judicial economy exception does not depend on our deciding the case in a certain way, *cf. U.S. Dep't of Agric., Rural Hous. Serv. v. Carter*, 2002 ME 103, ¶ 13, 799 A.2d 1232, and, with respect to the first requirement, a party need only demonstrate that, in at least one alternative, our ruling on appeal might establish a final, or practically final, disposition of the entire litigation, *see, e.g.*, *Liberty v. Bennett*, 2012 ME 81, ¶ 19, 46 A.3d 1141; *Cutting v. Down E. Orthopedic Assocs., P.A.*, 2021 ME 1, ¶¶ 16-18, 244 A.3d 226.

[10] Orono may have the benefit of the court's order as a successor-in-interest to some of the movants—Judith Hines and Ralph Hines and Peter Geary, Christine Geary, and Jennifer Duffy—but it does not have the benefit of the order as successor-in-interest to any nonmovants, nor was Orono itself a moving party.

10

[¶19]  Maples and Brown argue that all of the unit owner defendants are nevertheless similarly situated because "[e]ither the Association has a judgment lien against their units, or it does not."  However, there is no indication on this record that, if we were to affirm the court's order, Maples and Brown would abandon their remaining claims against Compass Harbor or that, if we were to vacate the order, the other unit owner defendants would not raise other arguments challenging enforcement of the judgment against their condominium units.[11]  Other questions would also remain, including, for example, which units are encumbered by the purported lien and the amount owed by any unit so encumbered.  *See Hearts with Haiti*, 2019 ME 26, ¶ 18, 202 A.3d 1189 (explaining that the judicial economy exception was inapplicable when "a substantial number of issues would remain in dispute").

[¶20]  Because no exception to the final judgment rule applies, we dismiss the appeal.

The entry is:

Appeal dismissed.

---

[11]  Counsel for the appellees conceded at oral argument that there would be additional litigation if we were to vacate the court's order.

Brendan P. Rielly, Esq. (orally), Jensen Baird, Portland, for appellants Charles R. Maples et al.

Richard Silver, Esq. (orally), Lanham Blackwell & Baber, Bangor, for appellees Compass Harbor Village Condominium Association et al.

Business and Consumer Docket case number CIV-2021-002
FOR CLERK REFERENCE ONLY