MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2023 ME 46
Docket:        BCD-22-322
Argued:        April 6, 2023
Decided:       August 10, 2023

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

CHARLES R. MAPLES et al.

v.

COMPASS HARBOR VILLAGE CONDOMINIUM ASSOCIATION et al.

LAWRENCE, J.

[¶1]   This matter involves a years-long dispute between two condominium unit owners, Charles R. Maples and Kathy S. Brown, and the Compass Harbor Village Condominium Association and Compass Harbor Village, LLC (separately, the Association and the LLC, and collectively, Compass Harbor).   We previously affirmed in part a judgment awarding Maples and Brown damages and attorney fees against Compass Harbor.   *See Brown v. Compass Harbor Vill. Condo. Ass'n*, 2020 ME 44, ¶¶ 1, 10, 18 n.4, 26, 30-31, 229 A.3d 158.   We also previously dismissed as interlocutory a prior appeal in this matter, which involves a complaint, brought against Compass Harbor and the other condominium unit owners, seeking, inter alia, to enforce the judgment affirmed in *Brown*.   *See Maples v. Compass Harbor Vill. Condo. Ass'n*, 2022 ME 26,

¶¶ 1 & n.1, 2, 7 & n.3, 8-10, 13, 20, 273 A.3d 358.  At this juncture, Maples and Brown appeal from orders of the Business and Consumer Docket (*Duddy, J.*) granting motions to dismiss filed by some, but not all, of the defendants. Because the orders did not dispose of all claims against all defendants, we dismiss the appeal as interlocutory.

## I.  BACKGROUND

[¶2]  "The following facts are drawn from Maples and Brown's amended complaint and from official public documents central to their claims."  *Id.* ¶ 3. "We view these facts as if they were admitted."  *Id.*

[¶3]  In July 2019, following a two-day bench trial, the court entered a judgment in favor of Maples and Brown on multiple counts against Compass Harbor[1] for, inter alia, its "longstanding and pervasive mismanagement and misconduct" regarding "the Compass Harbor Village Condominiums in Bar Harbor, Maine."  *Maples v. Contorakes*, No. BCD-CV-18-02, 2019 Me. Bus. & Consumer LEXIS 26, at *1 (July 22, 2019).  The court awarded damages

---

[1]  Evan and Cheri Contorakes were also defendants in this underlying matter.  According to the underlying judgment, Evan was the sole member of the LLC, and the LLC, as declarant of the Association, appointed Evan and his wife Cheri as the only members of the Association's board of directors.  *See Maples v. Contorakes*, No. BCD-CV-18-02, 2019 Me. Bus. & Consumer LEXIS 26, at *2-3, *7-8 (July 22, 2019); *Brown v. Compass Harbor Vill. Condo. Ass'n*, 2020 ME 44, ¶¶ 1, 3, 229 A.3d 158. The court determined that "the Contorakeses [were] not subject to personal liability" in the underlying matter.  *Contorakes*, 2019 Me. Bus. & Consumer LEXIS 26, at *2 n.1.

of $134,900 to Maples and $106,801 to Brown, as well as attorney fees,[2] and it entered an order of specific performance. *Id.* at *44-47, *59. The court specifically stated that "[d]efendants must not impose or attempt to impose or collect any special assessment" upon unit owners "to pay for their attorney fees and litigation costs, or for the damages awarded in this action." *Id.* at *54; *see Maples*, 2022 ME 26, ¶ 11, 273 A.3d 358. On April 9, 2020, we affirmed the judgment in part, including the damages award.[3] *Brown*, 2020 ME 44, ¶¶ 1, 18, 26, 30-31, 229 A.3d 158.

[¶4] Maples and Brown made demand on Compass Harbor to pay the judgment, but the judgment remained unpaid. According to the amended complaint, on September 21, 2020, Maples and Brown "recorded writs of execution in the Hancock County Registry of Deeds," and the writs "were indexed against [Compass Harbor] and the condominiums." The amended complaint further alleges that on October 5, 2020, Maples and Brown recorded

---

[2] Ultimately, the court ordered Compass Harbor to pay $243,170.38 in attorney fees.

[3] Specifically, "we vacated the portion of the judgment on the [Unfair Trade Practices Act] claim, including the associated award of attorney fees, as well as the portion [of the judgment] ordering specific performance, but we affirmed the judgment in all other respects." *Maples v. Compass Harbor Vill. Condo. Ass'n*, 2022 ME 26, ¶ 5, 273 A.3d 358; *see Brown*, 2020 ME 44, ¶¶ 1, 18, 26, 30-31, 229 A.3d 158. We also stated that the Association is liable for damages but "the LLC is liable to the Association for any costs incurred by the Association as the result of the judgment against it." *Brown*, 2020 ME 44, ¶ 26 n.6, 229 A.3d 158.

4

the judgment in the Hancock County Registry of Deeds, "indexed in the name of the condominiums" and Compass Harbor. At the time Maples and Brown recorded the judgment, the LLC owned fifteen condominium units, "which were subject to a first mortgage from The First, N.A." Despite these steps, Maples and Brown still did not receive payment of the judgment.

[¶5] On October 21, 2020, Maples and Brown filed a five-count complaint in the Superior Court (Hancock County) against Compass Harbor and the other condominium unit owners.[4] On October 23, 2020, The First, N.A., held a foreclosure auction on the LLC's fifteen units, which were purchased by Orono, LLC (Orono). The sale discharged all junior liens and encumbrances, including Maples and Brown's judgment lien against the fifteen units. The LLC has no remaining assets, and the Association does not have sufficient assets to satisfy the judgment. Maples and Brown filed an amended complaint on November 19, 2020, which added Orono as a defendant.

[¶6] Count 1 of the amended complaint seeks enforcement of the underlying judgment and requests that the court provide "'appropriate

---

[4] The complaint named the following unit owners: Eli Simon; Timothy L. Culbertson; Marlo Dee Frontiera; Aaron Frontiera; The Rector, Wardens, and Vestry of St. Saviour's Episcopal Church; Judith W. Hines; Ralph Blaikie Hines; Peter N. Geary; Christine A. Geary; Jennifer A. Duffy; and Michael McConomy.

equitable relief" by ordering the Association to assess its unit owners," excluding Maples and Brown, for the amount due. Count 2 seeks the appointment of a receiver to make and collect the assessment and to ensure Compass Harbor's and Orono's compliance with various legal requirements.

[¶7] Count 3, brought against all defendants except Orono and the LLC, alleges that under 33 M.R.S. § 1603-117(a) (2023)[5] the recorded judgment "is a lien against all units" and Maples and Brown are entitled, under the court's equitable power, "to a turnover or sale order" of all of the units, excluding those owned by Orono following the foreclosure and sale. Count 4, brought against all defendants except Orono and the LLC, alleges that pursuant to the same statutory judgment lien, Maples and Brown are entitled to foreclose on all of the units, excluding those owned by Orono after the sale. Count 5 alleges contempt against Compass Harbor and seeks punitive and remedial sanctions.

[¶8] On November 20, 2020, the Association and Orono, the latter as "successor in interest" to the LLC, each filed answers to the amended complaint. Orono also filed a motion for the court to substitute it as a party in place of the

---

[5] Title 33 M.R.S. § 1603-117(a) (2023) states, "A judgment for money against the association, if a lien order is filed with the Register of Deeds of the county where the condominium is located, as provided in Title 14, section 3132 . . . is not a lien on the common elements, but is a lien in favor of the judgment lienholder against all of the units in the condominium at the time the judgment was entered. No other property of a unit owner is subject to the claims of creditors of the association."

6

LLC, and Maples and Brown filed an opposition arguing that "[t]he LLC is still a proper and necessary party . . . because it is still a party to the underlying judgment that [Maples and Brown] seek to enforce." Orono later withdrew the motion, "leaving both [the] LLC and Orono . . . as parties."

[¶9]  On January 8, 2021, the owners of four of the units[6] filed a motion to dismiss the amended complaint pursuant to M.R. Civ. P. 12(b)(6).  The owners of the four units contended, inter alia, that they too suffered harms from Compass Harbor's actions and are not liable for the judgment; that the court prohibited the Association from imposing an assessment to pay the awarded judgment; that "the LLC, as the declarant, the majority owner and the true bad actor, is ultimately responsible for paying the judgment"; and that it would be an absurd result to apply the statutory judgment lien mechanism against the unit owners.  On January 14, 2021, the case was accepted for transfer to the Business and Consumer Docket.

[¶10]  The court held a hearing on the motion to dismiss on April 20, 2021.  On June 17, 2021, the court signed an order denying the motion to

---

6  The owners were Eli Simon; Judith Hines and Ralph Hines; Peter Geary, Christine Geary, and Jennifer Duffy; and Michael McConomy.

dismiss with respect to Count 2[7] but granting the motion to dismiss with respect to the remaining counts and dismissing those counts as to the unit owners who filed the motion to dismiss.[8] The court reasoned that it could not allow the Association to make an assessment, given the underlying judgment's plain language prohibiting an assessment, and determined that it was not required by the Maine Condominium Act to provide that requested relief "under the unique circumstances of the case." Further, because the unit owners were not responsible for paying the judgment and the Association could not make an assessment, the court deemed the judgment lien mechanism from 33 M.R.S. § 1603-117(a) to be inapplicable and determined that Maples and Brown were not entitled to the turnover and sale or the foreclosure of those units.

[¶11] Maples and Brown appealed. "On October 7, 2021, we ordered that Orono be substituted in place" of the defendant owners of four units "because

---

[7] Regarding Count 2, the court reasoned that although we previously vacated the order of specific performance, *see Brown*, 2020 ME 44, ¶¶ 1, 27-31, 229 A.3d 158, we did not foreclose the option of a receivership if Compass Harbor continued to violate its duties, *see id.* ¶ 30 n.7, and that the amended complaint alleges the Association has continued to violate various legal requirements. However, on June 30, 2021, Maples and Brown moved to dismiss Count 2, and on July 1, 2021, the court granted their motion and dismissed Count 2 without prejudice.

[8] Although Count 5 was brought only against Compass Harbor, the court determined that Count 5 must be dismissed with respect to those unit owners who had moved to dismiss, to the extent that the count "seeks collection of the full amount of the judgment through an order requiring the Association to make an assessment on the unit owners."

8

Orono had purchased those parties' units during the summer of 2021."[9] *Maples*, 2022 ME 26, ¶ 13, 273 A.3d 358. We then considered and dismissed Maples and Brown's appeal as interlocutory because the "order granting the motion to dismiss, filed by some, but not all, defendants" did "not fully dispose of the entire matter" and no exception to the final judgment rule applied. *Id.* ¶¶ 2, 14-20.

[¶12] On July 21, 2022, additional defendants (the movants)[10] filed a motion to dismiss, pursuant to M.R. Civ. P. 12(b)(6), which included arguments similar to those made by the other unit owners in the first motion to dismiss

---

[9] "Orono was substituted as successor-in-interest for the following parties: Marlo Dee Frontiera and Aaron Frontiera; The Rector, Wardens, and Vestry of St. Savio[u]r's Episcopal Church; Judith Hines and Ralph Hines; and Peter Geary, Christine Geary, and Jennifer Duffy." *Maples*, 2022 ME 26, ¶ 13 n.8, 273 A.3d 358.

[10] The motion to dismiss states that the motion is brought "by those remaining non[-]moving Defendants in order to resolve any and all remaining claims as against all Defendants and achieve complete finality." The docket lists the following parties as having filed the motion to dismiss: the Association, Orono, Timothy Culbertson, Michael McConomy, and Eli Simon.

filed on January 8, 2021.[11]  On July 22, 2022, the court granted a motion for substitution of parties.[12]

[¶13] On October 3, 2022, the court entered an order granting the second motion to dismiss, adopting the reasoning from its order on the first motion to dismiss.  The court's order states that the second motion was filed by Orono and Around The World, and the court referred to them as, inter alia, the "Remaining Unit Owner Defendants."  The court reiterated that it had "concluded that Section 1603-117 did not apply on the facts of this case" and elaborated on its analysis of the statute.  The court stated that "a plain reading of the statute, coupled with application of the Court's equity powers, militates against providing [Maples and Brown] with the relief they seek."  Maples and Brown timely appealed.  *See* M.R. App. P. 2B(c)(1).

---

[11]  The movants also alleged, inter alia, that there was "no basis for holding the Association in contempt" and that the court's intent in the underlying judgment "was to require only Evan and Cheri Contorakes, [the] LLC, and the Association, *to the extent it was under the control of the Contorakes defendants . . .* to pay the damages."

[12]  The motion sought to implement in the BCD the same substitutions that had occurred while the matter was previously before us.  *See supra* n.9.  Eli Simon also had transferred his ownership interest in his condominium unit to Around The World, LLC, and so Around The World was substituted for him as a party.  Per the consented-to motion, the only remaining defendants are the Association, Around The World, Orono, Culbertson, and McConomy.

## II. DISCUSSION

[¶14]  The court's order granting the second motion to dismiss is not a final judgment.  "A final judgment is a decision that fully decides and disposes of the entire matter pending before the court" so that "no questions for the future consideration and judgment of the court" remain.  *Maples*, 2022 ME 26, ¶ 15, 273 A.3d 358 (quotation marks omitted) (explaining the rationale of the final judgment rule, including that it "prevents piecemeal litigation," stops us "from deciding issues which may ultimately be mooted," and produces "a crisper, more comprehensible record for review" (quotation marks and alteration omitted)); *see also* M.R. Civ. P. 54(b)(1).

[¶15]  The record does not reflect an entry of appearance for the LLC, the substitution of another party for the LLC, a dismissal of the LLC from the proceeding, or a judgment of default against the LLC.  Further, the court's order does not address the counts against the LLC or the Association.[13]

[¶16]  The court states that its order concerns the motion to dismiss filed by Orono and Around The World, the "Remaining Unit Owner Defendants."  The

---

[13] The parties conceded on appeal that the LLC is not represented and has not participated in the action, and counsel for the movants, including the Association, conceded at oral argument that the Association had not been dismissed from the matter and that the court's order on the second motion to dismiss did not apply to the Association.  The movants also concede that Count 5, the claim for contempt brought against only the Association and the LLC, "is not applicable to the issues before [us] at this time."

court's reasoning in its order on the second motion to dismiss mirrors the court's reasoning in its order on the first motion to dismiss, which related to a motion brought by only other unit owners and did not involve an analysis of the counts brought against the LLC or the Association. Thus, the court's order did not dispose of all claims against all defendants, and the appeal is interlocutory. *See Maples*, 2022 ME 26, ¶ 16, 273 A.3d 358.

[¶17] We have stated that "[a] party urging that we reach the merits of an otherwise interlocutory appeal has the burden of demonstrating" that one of the exceptions to the final judgment rule "justifies our reaching the merits of the appeal." *Id.* (quotation marks omitted) ("The exceptions include (1) the death knell exception, (2) the collateral order exception, and (3) the judicial economy exception."). The parties did not brief this issue, let alone contend that an exception to the rule applies.

[¶18] Further, we dismissed the appeal of the court's order on the first motion to dismiss after determining that no exception to the final judgment rule applied, in part because the Association and the LLC remained parties and had not moved to dismiss so "the motion was therefore not granted as to them." *Id.* ¶¶ 18-20 (adding that "there is no indication on this record that, if we were to affirm the court's order, Maples and Brown would abandon their remaining

12

claims against Compass Harbor").  Applying similar reasoning here, we dismiss this interlocutory appeal and do not reach the parties' arguments regarding the merits.

The entry is:

Appeal dismissed.

---

Brendan P. Rielly, Esq. (orally), Jensen Baird, Portland, for appellants Charles R. Maples and Kathy S. Brown

Richard Silver, Esq. (orally), Lanham Blackwell & Baber, Bangor, for appellees Compass Harbor Village Condominium Association et al.

Business and Consumer Docket docket number CIV-2021-2
FOR CLERK REFERENCE ONLY