STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
LOCATION: PORTLAND
Docket No. BCD-CIV-2021-00002

CHARLES R. MAPLES AND
KATHY S. BROWN,

        Plaintiffs,

        v.

COMPASS HARBOR VILLAGE
CONDOMINIUM ASSOCIATION, et
al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER GRANTING REMAINING
MOVANTS' RULE 12(b)(6) MOTION
TO DISMISS

Before the Court is the Motion to Dismiss filed by Defendants Orono, LLC and Around the World, LLC (collectively, the "Remaining Movants" or "Remaining Unit Owner Defendants") pursuant to Maine Rule of Civil Procedure 12(b)(6). The Remaining Movants (and their several predecessors-in-title) did not participate in the previous Motion to Dismiss brought by a group of seven Defendants, and thus the claims against the Remaining Movants were not dismissed as a result of this Court's Order Granting in Part and Dismissing in Part Movants' Rule 12(b)(6) Motion to Dismiss dated June 17, 2021 (the "Prior Order"). The Remaining Movants now seek dismissal of all claims against them. For the reasons discussed below, the Court grants their Motion to Dismiss.

**BACKGROUND**

The factual and procedural background of this case is described in the Prior Order; two Law Court appeals *(Maples et. al. v. Compass Harbor Village Condominium Association, et al.,*

1

2022 ME 26, 273 A.3d 358, and *Kathy S. Brown et al. v. Compass Harbor Village Condominium Association, et al.*, 2020 ME 44, 229 A.3d 158); and the Order Following Bench Trial, *Charles R. Maples, et al. v. Evan Contorakes, et al.,* Docket No. BCDWB-CV-1802, July 22, 2019 (the "Underlying Judgment"). The facts and procedural background are not repeated here, other than to note that several of the units have been sold to the Remaining Movants, and by agreement of all parties Count II (asking to appoint a receiver) was dismissed. Only Counts I, III-V remain for consideration.

## LEGAL STANDARD

In reviewing a motion to dismiss, courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.,* 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher,* 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

Generally, only facts alleged in the complaint may be considered on a motion to dismiss. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 8, 209 A.3d 116 (citations omitted). However, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for summary judgment when the authenticity of such documents is not challenged." *Id.* ¶ 11. Further, while the material allegations of the complaint must be taken as admitted, the Court "is not bound to accept the complaint's legal conclusions." *Seacoast Hangar*

*Condo. II Ass'n. v. Martel,* 2001 ME 112, ¶ 16, 775 A.2d 1166 (citations omitted). In this case, the facts are all a matter of record and are undisputed.[1]

### DISCUSSION

The Court adopts and applies its reasoning from the Prior Order to dismiss Count I and Counts III-V against the Remaining Movants. Plaintiffs, however, argue that in its Prior Order the Court conflated the question of unit assessment with that of a judgment lien, and pursuant to 33 M.R.S. § 1603-117 the Court has no choice but to grant Plaintiffs the relief they seek. The Court disagrees with both arguments. First, the Court did not in its Prior Order confuse assessment with a judgment lien. The Court evaluated Plaintiffs' Section 1603-117 judgment lien argument in a separate, stand-alone section of the Prior Order. Second, the Court concluded that Section 1603-117 did not apply on the facts of this case, and thus did not dictate that the Court grant Plaintiffs the relief they sought. The Court now takes this opportunity to elaborate on its prior analysis of 33 M.R.S. § 1603-117 as it relates to this case.

The judgment lien provisions of the Maine Condominium Act, 33 M.R.S. § 1603-117, provides in relevant part as follows:

(a) A judgment for money against the association, if a lien order is filed with the Register of Deeds of the county where the condominium is located, as provided in Title 14, section 3123, as it or its equivalent may be amended or modified from time to time, is not a lien on the common elements, but is a lien in favor of the judgment lienholder against all of the units in the condominium at the time the judgment was entered. . . .

(c) Whether perfected before or after the creation of the condominium, if a lien other than a mortgage, including a judgment lien or lien attributable to work performed or materials supplied before creation of the condominium, becomes

---

[1] The Court notes that, where the Law Court decided an issue on appeal and on remand the facts of the case remain unchanged, the law of the case doctrine will require the trial court to follow the Law Court's decision. *Balance v. Alley*, 404 A.2d 587, 589 (Me. 1978). In both of its decisions in this matter, the Law Court affirmed this Court's decision that the Declarant or LLC, not the Unit Owner Defendants, is liable to the Association for any costs incurred by the Association as the result of the judgment against it." *Brown*, 2020 ME 44, ¶ 26 n.6, 229 A.3d 158; *Maples*, 2022 ME 26, ¶ 5 n.2, 273 A.3d 358.

effective against 2 or more units, the unit owner of an affected unit may pay to the lienholder the amount of the lien attributable to his unit, and the lienholder, upon receipt of payment, promptly shall deliver a release of the lien covering the unit. The amount of the payment must be proportionate to the ratio which that unit owner's common expense liability bears to the common expense liabilities of all unit owners whose units are subject to the lien. . . .

33 M.R.S. § 1603-117(a), (c) (2022). The Enforcement of Money Judgments statute, explicitly referenced in the above language, provides in relevant part: "The Court is given equitable power to make all appropriate orders, including, but not limited to, turnover orders, to assist the judgment creditor in perfecting a lien under this section and to effectuate or compel obedience to any orders issued pursuant to this section." 14 M.R.S. § 3132 (2022). Similarly, this Court is empowered to fashion "appropriate equitable relief" in reach and apply actions, 14 M.R.S. § 6051(11) (2022), and the Court has "full equity jurisdiction, according to the usage and practice of courts of equity, in all other cases where there is not a plain, adequate and complete remedy at law." 14 M.R.S. § 6051(13) (2022).

Plaintiffs have not brought to this Court's attention any reported decisions interpreting 33 M.R.S. § 1603-117.[2] Nevertheless, according to Plaintiffs the judgment lien provisions of the Maine Condominium Act have a purely mechanical operation, and lead to an unavoidable, mechanical result. Once there is a judgment for money against the association: "That is it." Nothing else matters, and failure of the unit owners to make payment automatically leads to turnover and foreclosure. However, Plaintiffs overlook the Court's express equitable authority to apply the judgment lien provisions in an equitable manner. Here, despite the circumstances that have led to the predicament faced by Plaintiffs and their legal counsel, the Court determines that a plain

---

[2] Plaintiffs do cite cases decided in other jurisdictions wherein the court considered a statute analogous to 33 M.R.S. § 1603-117. Of these cases, those actually applying the statutes (as opposed to merely discussing them in dicta) did so in circumstances when the judgment creditor was a service provider or other third-party, and not a unit owner within the condominium. *See Interlaken Serv. Corp. v. Interlaken Condo. Ass'n*, 588 N.W.2d 262, 265-67 (Wis. Ct. App. 1998); *Woodley v. Style Corp.*, 453 P.3d 739, 747-48 (Wash. Ct. App. 2019).

reading of the statute, coupled with application of the Court's equity powers, militates against providing Plaintiffs with the relief they seek against the Remaining Movants (or the original Movants).

First, the Underlying Judgment does not provide the kind of "judgment for money against the association" that triggers 33 M.R.S. § 1603-117. The Underlying Judgment contains an express provision protecting the non-party unit owners from becoming the source of payment for Plaintiffs' judgment against the Declarant and the Association. Although the Underlying Judgment speaks in terms of prohibiting a "special assessment," the intent of the Underlying Judgment is clear: to restrict liability for payment to the Declarant and the Association, and to shield the non-party unit owners from liability for payment. As a consequence, the Underlying Judgment is a limited or restricted money judgment and cannot serve as a judgment lien on the non-party units of the condominium pursuant to 33 M.R.S. § 1603-117.

Second, the judgment lien statute does not appear on its face to apply to the circumstances of this case. Here, two unit owners seek to invoke Section 1603-117, but by operation of the statute a judgment lien is created "against all of the units in the condominium," 33 M.R.S. § 1603-117(a), including those of Plaintiffs'. In other words, Plaintiffs are in part seeking to enforce a judgment lien against themselves. Courts should avoid interpreting a statute in a manner that leads to absurd or illogical results. *Dickau v. Vermont Mut. Ins. Co.*, 2014 ME 158, ¶ 21, 107 A.3d 621; *Wong v. Hawk*, 2012 ME 125, ¶ 8, 55 A.3d 425; *Mullen v. Liberty Mut. Ins. Co.*, 589 A.2d 1275, 1277 (Me. 1991); *see Ocean Trail Owners Ass'n, Inc. v. Mead*, 650 So.2d 4, at *8-9 (Fla. 1994) (Kohn, J., concurring) ("I cannot agree with the majority that [Florida's] Condominium Act sanctions an assessment that would have the effect of forcing unit owners who prevail in an action against the condominium association for unauthorized acts to pay their own judgments."). Section 1603-117

appears to be designed to give third-party contractors and others a mechanism for enforcing payment for services rendered. *See Custom Built Homes v. Hampton Mgmt. Corp.*, 689 F. Supp. 28, 31 (D. Me. 1988); *see* Unif. Condominium Act § 3-117, cmt. 2 ("[I]f an association which is without sufficient assets to satisfy a judgment refuses to make assessments from which the creditor can have his claim satisfied, it is very likely that a court, in a supplemental proceeding on the judgment, would direct the association to make the necessary assessments against the unit owners.). As a result, 33 M.R.S. § 1603-117 is not available to Plaintiffs on the unique facts of this case.

Third, the Court declines as a matter of equity to apply 33 M.R.S. § 1603-117 to the facts of this case. The basic problem in this case is that Plaintiffs did not anticipate that there was no equity at all in the fifteen units owned by the Declarant. That is an unfortunate situation, but it is not the fault of the other unit owners. The other unit owners were not joined to the original litigation, and there was never any evidence introduced that the other unit owners bore any responsibility for the conduct of the original Defendants. In its Underlying Judgment, the Court clearly indicated an intent to shield the other unit owners from the responsibility of underwriting the conduct of the Declarant and the Association. Notwithstanding the death of Evan Contorakes and the subsequent discovery that there was no equity in the Declarant's assets, it would be inequitable to now allow Plaintiffs to pursue payment from those unit owners by operation of 33 M.R.S. § 1603-117.

## CONCLUSION

For the foregoing reasons, the Remaining Movants' Motion to Dismiss Counts I and III-V is Granted and Counts I and III-V are dismissed.

SO ORDERED.

The Clerk is instructed to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: **09/30/2022**

_____
Judge, Business & Consumer Court

Entered on the docket: 10/03/2022

BCD-CIV-2021-02

CHARLES MAPLES, et al.

   *Plaintiff(s)*

*v.*

COMPASS HARBOR VILLAGE CONDO ASSOCIATION, et al.

   *Defendant(s)*

| Party Name: | Attorney Name: |
|---|---|
| *Kathy Brown and Charles Maples* | Brendan Rielly, Esq.<br>    Jensen Baird Gardner Henry<br>    10 Free Street<br>    PO Box 4510<br>    Portland, ME 04112 |
| *Compass Harbor Village Condo* Assn.<br>*Timothy Culbetrson.*<br>*Orono, LLC* | Richard Silver, Esq.<br>    Lanham Blackwell, Baber, PA<br>    133 Broadway<br>    Bangor, ME 04401 |

| | | |
|---|---|---|
| CHARLES R. MAPLES AND KATHY S. BROWN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| COMPASS HARBOR VILLAGE CONDOMINIUM ASSOCIATION, COMPASS HARBOR VILLAGE, LLC, ELI SIMON, TIMOTHY L. CULBERTSON, MARLO DEE FRONTIERA AND AARON FRONTIERA, THE RECORDS, WARDENS AND VESTRY OF ST. SAVIOUR'S EPISCOPAL CHURCH, JUDITH W. HINES AND RAPLH BLAIKIE HINES, PETER N. GEARY AND CHRISTINE A. GEARY, JENNIFER A. DUFFY, MICHAEL MCCONOMY, AND ORONO LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART MOVANTS' RULE 12(b)(6) MOTION TO DISMISS |
| Defendants. | ) | |

Before the Court is the Motion to Dismiss filed by Defendants Eli Simon, Judith W. Hines and Ralph Blaikie Hines, Peter N. Geary and Christine A. Geary, Jennifer Duffy, and Michael McConomy (collectively, the "Movants" or "Unit Owner Defendants") pursuant to Maine Rule of Civil Procedure 12(b)(6). Oral argument was conducted on April 20, 2021. As discussed below, the Unit Owner Defendants' Motion is granted in part and denied in part.

## BACKGROUND

The present litigation, and the underlying action that it is predicated on (*Charles R. Maples, et al. v. Evan Contorakes, et al.,* Docket No. BCDWB-CV-18-02, the "Underlying Action") stem

1

from the longstanding and pervasive mismanagement and misconduct of Evan Contorakes, Cheri Contorakes, Compass Harbor Village, LLC ("the LLC"), and Compass Harbor Village Condominium Association ("the Association"). As the declarant and majority owner of units in the Condominium, the LLC created and operated the Association, which was "an utterly dysfunctional Association, run in a callous, dictatorial manner by the [LLC] and the Contorakes, who exhibited an absolute disregard for any of the formalities required by the Declaration and the Bylaws." Pl.'s Compl. ¶ 15; *Order Following Bench Trial, Charles R. Maples, et al. v. Evan Contorakes, et al.,* Docket No. BCDWB-CV-1802 ("*Order*") at 19. As a result, Plaintiffs experienced financial loss, extreme frustration and mental anguish, and were deprived of the enjoyment of their condominiums. *Order* at 1. The Plaintiffs initiated the Underlying Action, resulting in a Bench Trial occurring on April 8-9, 2019.

As a result of the Bench Trial, the Business and Consumer Court found in favor of the Plaintiffs on claims of breach of contract, breach of fiduciary duty by the LLC, violation of the Maine Unfair Trade Practices Act (UTPA), and violation of the Maine Non-Profit Corporations Act (13-B M.R.S. § 715). *See Order* at 23-24, 28-30, 35, 38. The Court awarded Plaintiffs $241,701 in damages, together with attorney's fees for the breach of fiduciary duty and violation of 13-B M.R.S. § 715 and an order of specific performance by the Association and LLC. Order at 38. Additionally, as part of its Order, the Court prohibited the Association from imposing any assessment on the unit owners: "[the Association and LLC] must not impose or attempt to impose or collect any special assessment to pay for their attorney fees and litigation costs, or for the damages awarded in this action." Order at 34. On appeal, the Law Court vacated the Order as to the UTPA violation and the grant of specific performance but affirmed the remainder of the Order. *See Brown v. Compass Harbor Village Condominium Assoc.,* 2020 ME 44, ¶ 1, 229 A.3d 158.

2

After the Judgment was issued, Plaintiffs served writs of execution upon various financial institutions where the LLC or Association might have financial accounts, recorded writs of execution in the Hancock County Registry of Deeds against any real property owned by the LLC or the Association, and filed the writs of execution along with UCC-1 filings with the Secretary of State against any personal property owned by the LLC or the Association. The writs have been returned unsatisfied and have not resulted in the payment of any portion of the Judgment.

Mr. Contorakes died on July 7, 2020. Upon Plaintiff's information and belief, the LLC's only assets were 15 units in the Compass Harbor Village Condominiums. However, the units were subject to a first mortgage from the First, N.A. in the original principal amount of $2,429,397.30 dated March 24, 2008 and recorded in the Hancock County Registry of Deeds. The First, N.A. exercised its right to conduct a power of sale foreclosure on the 15 units on October 23, 2020. Those 15 units were sold to Orono, LLC for $950,000. Plaintiffs' judgment lien against the LLC's 15 units was junior to the first mortgage. The auction discharged junior liens and encumbrances, including Plaintiffs' judgment lien. Plaintiffs now bring the current action, aiming to enforce and receive payment on the Court's prior Judgment.

**LEGAL STANDARD**

In reviewing a motion to dismiss, courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.,* 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher,* 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

3

Generally, only facts alleged in the complaint may be considered on a motion to dismiss. *Packgen, Inc. v. Bernstein Shur, Sawyer & Nelson, P.A.,* 2019 ME 90, ¶¶ 8, 11, 209 A.3d 116. However, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for summary judgment when the authenticity of such documents is not challenged." *Id.* Further, while the material allegations of the complaint must be taken as admitted, the Court "is not bound to accept the complaint's legal conclusions," *Seacoast Hangar Condominium II Assoc. v. Martel,* 2001 ME 112, ¶ 16, 775 A.2d 1166.

## DISCUSSION

In their complaint, Plaintiffs seek five forms of relief: Count 1) enforcement of the judgment through an assessment on the units in the Condominium; Count 2) appointment of a receiver; Count 3) turn over and sale of units; Count 4) foreclosure, and Count 5) an order of contempt against the Association and LLC. The Unit Owner Defendants contend that the clear terms of the Order prohibit the Court from granting the first requested relief, and because the Unit Owners are not liable for paying the judgment, the Court cannot grant foreclosure or turnover and sale on that basis either. Further, to the extent Plaintiffs seek the appointment of a receiver to ensure the Association follows through with an assessment and the specific performance set forth in the Order, the Unit Owner Defendants assert such an order would contradict the Law Court's vacating of specific performance on appeal.

I.    **The Court cannot reopen the prior Judgment to allow the Association to make an assessment in violation of the Judgment's prohibition on such relief.**

The crux of Plaintiffs' Complaint is that they are entitled to enforcement of the prior Order through an assessment on the unit owners in the Association. However, "[w]hen a judgment is unambiguous, it must be enforced in accordance with the plain meaning of the language in the

judgment." *Bonner v. Emerson,* 2014 ME 135, ¶ 13, 105 A.3d 1023 (citing *Burnell v. Burnell,* 2012 ME 24, ¶ 15, 40 A.3d 390). According to the plain language of the Order, the Court prohibited the Association from imposing any assessment on the unit owners: "[the Association and LLC] must not impose or attempt to impose or collect any special assessment to pay for their attorney fees and litigation costs, or for the damages awarded in this action." Order at 34. Nevertheless, Plaintiffs' complaint seeks this very remedy.

In arguing for the Court to disregard its prior judgment, Plaintiffs assert that the Court has jurisdiction to grant appropriate equitable relief in civil actions by creditors "to reach and apply in payment of a debt any property, right, title or interest, legal or equitable, of a debtor or debtors, which cannot be come at or be attached on a writ or taken on execution in a civil action." According to Plaintiffs, granting equitable relief in this situation would be consistent with both the Uniform Condominium Act and Maine Condominium Act.

As Plaintiffs' argue in their opposition to this motion, Comment 2 to § 3-117 of the Uniform Condominium Act[1] provides that "if an association which is without sufficient assets to satisfy a judgment refuses to make assessments from which the creditor can have his claim satisfied, it is very likely that a court, in a supplemental proceeding on the judgment, would direct the association to make the necessary assessments against the unit owners." Further, "Unpaid assessments made by the association constitute liens against units just as do judgments." Unif. Condominium Act § 3-117, cmt. 2. In evaluating Plaintiffs' arguments, the Court notes that Comment 2 to § 3-117 of the Uniform Condominium Act anticipates the "likely" actions of a court under generic circumstances. Neither the Uniform Condominium Act, nor the Maine

---

[1] The wording of § 3-117 of the Uniform Condominium Act is, for all intents and purposes, identical to that of 33 M.R.S. 1603-117.

Condominium Act require the Court to provide such relief. And here, under the unique circumstances of the case, such relief is not appropriate.

The Court entered final judgment on the Underlying Action, which was affirmed by the Law Court on April 9, 2020. Plaintiffs now seek enforcement of that judgment, which prohibits the exact remedy they seek. The unfortunate situation Plaintiffs find themselves in is not lost on the Court. At the time the Order was issued, Mr. Contorakes was alive and the LLC he controlled maintained ownership of the 15 units that have since been foreclosed on by First, N.A. and purchased by Orono, LLC. The fact that the 15 units were significantly underwater was never brought up in the Underlying Action. The Court disagrees with Plaintiffs that the equitable solution is to now disregard the plain language of its prior Order and enforce the judgment in a manner contrary to the express terms on which it was entered. The better approach, as discussed below, is to focus on the relief sought in Count 2.

A motion to dismiss tests the legal sufficiency of the complaint. *McAfee v. Cole,* 637 A.2d 463, 466 (Me. 1994). "The legal sufficiency of a complaint is a question of law…" *New Orleans Tanker Corps. v. Dep't of Transp.,* 1999 ME 67, ¶ 3, 728 A.2d 673. Therefore, as a legal matter, the Complaint should be dismissed when the Plaintiffs will not be entitled to the relief sought, regardless of the underlying facts. *See Packgen, Inc. v. Bernstein Shur, Sawyer & Nelson, P.A.* 2019 ME 90, ¶ 16, 209 A.3d 116. Here, the plain language of the Order prohibits the Association from making an assessment for the collection of attorney's fees, litigation costs or damages awarded to Plaintiffs. Order at 34. Thus, the relief sought by Plaintiffs in Count 1 of the Complaint, (the imposition of an assessment against unit owners for payment of the judgment), is barred by the plain terms of the Underlying Order they seek to enforce. Accordingly, Count 1 of Plaintiffs' complaint is dismissed.

6

## II.    Appointment of a Receiver

The Unit Owner Defendants also move for the dismissal of Count 2 of Plaintiffs' First Amended Complaint, which requests the appointment of a receiver. The Unit Owner Defendants assert that, 1) Plaintiffs are not entitled to the appointment of a receiver because the Law Court previously vacated the order of specific performance in the underlying action, and 2) Plaintiffs are not entitled to the relief that would force the Association to make an assessment on the unit owners. The Court disagrees.

As an initial matter, the Court notes that specific performance, in this case the appointment of a receiver, is a remedy, not a separate cause of action. *See Sullivan v. Porter,* 2004 ME 134, ¶ 25, 861 A.2d 625. However, in the underlying action the Court found that Plaintiffs succeeded in demonstrating that the Association did not have a functioning board and ordered specific performance. The Law Court vacated the Court's judgment ordering specific performance after weighing the "burdens in enforcement or supervision" against "the advantages to be gained from enforcement and... the harm to be suffered from its denial." *Brown v. Compass Harbor Vill. Condo. Ass'n,* 2020 ME 44, ¶ 29, 229 A.3d 158. For this reason, the Unit Owner Defendants contend that Plaintiffs' request for the appointment of a receiver must be dismissed. However, the Unit Owner defendants ignore a crucial portion of the Law Court's decision, which states that the court does not "foreclose the option of a receivership or similar remedy in this case if Compass Harbor continues to violate its contractual duties or if the LLC continues to violate its fiduciary duties." *Id.* ¶ 30 n.7.

7

According to the First Amended Complaint, the Association has continued to violate provisions of the Maine Condominium Act and the Association's Bylaws. (Pl.'s Am. Compl. ¶ 40). In particular, the Association remains without a functioning Board of Directors. (Pl.'s Am. Compl. ¶ 41). In addition to enforcement of the judgment as requested in Count 1, which the Court has dismissed, Plaintiffs assert that appointing a receiver will protect the interests of all unit owners because they will finally have the benefit of an Association functioning consistent with the Maine Condominium Act, Maine Non-profit Act, Declaration and Bylaws. (Pl.'s Am. Compl. ¶ 58).

Because Plaintiffs have alleged continued violations of the Association's duties, the Court must accept these facts as true for the purpose of this 12(b)(6) motion. As such, the Unit Owner Defendants cannot establish that Plaintiffs fail to state a claim under which relief may be granted. Thus, the Court declines to dismiss Count 2 requesting the appointment of a receiver. Indeed, moving forward with this case, the Court will focus on the relief sought in Count 2 as providing the better remedy in this situation.

## III. Because the Unit Owner Defendants are not responsible for payment of the judgment, and the Association cannot make an assessment against their units, Plaintiffs are not entitled to the foreclosure or turnover and sale of the Unit Owner Defendant's units.

Plaintiffs' Amended Complaint also seeks the turnover and sale or foreclosure of the Unit Owner Defendant's units to satisfy the judgment. Plaintiffs assert that, according to 33 M.R.S. § 1603-117[2], its judgment became a lien against the units of the Condominium and that they are entitled to foreclose on those liens. Additionally, Plaintiffs contend this remedy is available even though the Unit Owner Defendants were not parties to the underlying action. Similar to the Court's

---

[2] 33 M.R.S. § 1603-117 provides that, "A judgment for money against the association. . .is a lien in favor of the judgment lienholder against all of the units in the condominium at the time the judgment was entered."

8

dismissal of Count 1, the Court likewise dismisses Counts 3 and 4 of Plaintiffs' Amended Complaint.

The purpose of the judgment lien mechanism provided for in the Maine Condominium Act is to provide the judgment creditor with "some leverage over individual unit owners to encourage them to see that the association pays the judgment." Unif. Condominium Act § 3-117. Additionally, it allows individual unit owners to discharge the lien by payment of the owner's pro-rata share of the judgment, rather than waiting for the association to make a formal assessment. *Id.* Importantly, here the Association is prohibited from making any assessment against the Unit Owner Defendants for payment of the judgment. Therefore, the judgment lien mechanism is inapplicable; the Unit Owner Defendants are not responsible for payment of the judgment. Thus, Counts 3 and 4 of Plaintiffs' Amended Complaint, seeking turnover and foreclosure of the Unit Owner Defendants' units is dismissed.

## IV. Plaintiffs' Count V alleging contempt is dismissed with respect to the Unit Owner Defendants.

Finally, Count 5 of Plaintiffs' Amended Complaint must be dismissed with respect to the Unit Owner Defendants. To reiterate, the prior Order issued by this Court prohibited the Association from making assessments on the unit owners to satisfy the judgment. Order at 34. Plaintiffs' are not entitled to an order finding the Association in contempt "when it is impossible for the [Association] to comply." *Levin v. Skehan,* 2012 ME 31, ¶ 19, 39 A.3d 58. Thus, to the extent Count V seeks collection of the full amount of the judgment through an order requiring the Association to make an assessment on the unit owners, it must be dismissed (but only as to the

Unit Owner Defendants, and only on the basis of not making an assessment against the unit owners in violation of the Order).[3]

## CONCLUSION

For the foregoing reasons, the Movants' motion to dismiss Counts 1, 3, 4, and 5 of the Plaintiffs' Amended Complaint is Granted, and Counts 1, 3, 4, and 5 are dismissed with respect to the Movants. The Movants' motion to dismiss Count 2 of Plaintiffs' Amended Complaint, requesting the appointment of a receiver, is denied.

SO ORDERED.

The Clerk is instructed to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: **June 17, 2021**

_____
Judge, Business and Consumer Court

---

[3] The Unit Owner Defendants also argue in the alternative, that if the Court allows Plaintiffs' claims to proceed and requires the Association to make an assessment on the unit owners, the Court must distinguish between damages and legal fees. Because the Court has dismissed the counts of Plaintiffs Amended Complaint seeking an assessment to satisfy the judgment, it is unnecessary for the Court to decide on this issue.

10

BCD-CIV-2021-02


CHARLES MAPLES, et al.

     *Plaintiff(s)*

*v.*

COMPASS HARBOR VILLAGE CONDO ASSOCIATION, et al.

     *Defendant(s)*


| Party Name: | Attorney Name: |
|---|---|
| *Kathy Brown and*<br>*Charles Maples* | Brendan Rielly, Esq.<br>    Jensen Baird Gardner Henry<br>    10 Free Street<br>    PO Box 4510<br>    Portland, ME 04112 |
| *Compass Harbor Village Condo* Assn.<br>*Timothy Culbetrson.*<br>*Orono, LLC* | Richard Silver, Esq.<br>    Lanham Blackwell, Baber, PA<br>    133 Broadway<br>    Bangor, ME 04401 |
| *Jennifer Duffy*<br>*Christine & Peter Geary*<br>*Judith & Ralph Hines*<br>*Michael McConomy*<br>*Eli Simpson* | Jason Barrett, Esq.<br>    Eaton Peabody<br>    204 Main Street<br>    PO Box 119<br>    Ellsworth, ME 04605-0119 |
| *The Records, Wardens and Vestry*<br>*of St. Savior's Episcopal Church* | Theodore Fletcher, Esq.<br>    Law Office of Theodore Fletcher<br>    311 Main Street<br>    PO Box 8<br>    Southwest Harbor, ME 04679-0008 |