2008 ME 8

**Gail SMITH**

v.

**HANNAFORD BROTHERS CO.**

Supreme Judicial Court of Maine.

Argued: Nov. 6, 2007.

Decided: Jan. 15, 2008.

John F. Lambert, Jr., Esq., L. Dennis Carillo, Esq., Portland, ME, for the appellant.

Jeffrey L. Cohen, Esq., McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, ME, for the appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] Hannaford Brothers Co. appeals from a decision of a Workers' Compensation Board hearing officer (*Knopf, HO*) establishing that Gail Smith suffers a 27% permanent impairment as a result of the combined effects of three workplace injuries that occurred in 1986, 1997 and 2002 respectively. Hannaford contends that pursuant to 39–A M.R.S. § 213(1–A)(B)(1) (2007), it was error for the hearing officer to stack impairment resulting from the 1986 injury onto the impairment resulting from the more recent injuries. Because a favorable decision on the merits will not provide Hannaford with any effective relief, we dismiss the case as moot.

## I. FACTUAL BACKGROUND

[¶ 2] Gail Smith injured her lower back in 1986, her bilateral upper extremities in 1997 (carpal tunnel), and her left thumb in

2002, all while working for Hannaford. Hannaford voluntarily paid benefits during all the relevant periods of incapacity, but discontinued those benefits in 2004 pursuant to 39–A M.R.S. § 205(9)(B)(1) (2007).[1] Smith filed a petition for review and a petition for restoration of benefits related to the 1986 injury.

[¶ 3] Both parties filed petitions to determine the extent of permanent impairment resulting from Smith's injuries. The parties contested whether the extent of Smith's permanent impairment exceeded the statutory threshold level of 13.2% percent, which would entitle her to continue receiving partial incapacity benefits beyond the maximum number of weeks established by 39–A M.R.S. § 213(1) and Me. W.C.B. Rule, ch. 2.[2]

[¶ 4] An independent medical examiner (IME) was appointed. The IME opined that Smith suffers 10% whole person permanent impairment as a result of the 1986 back injury, 17% as a result of the 1997 carpal tunnel condition, and 2% as a result of the 2002 thumb injury. The hearing officer adopted this opinion, pursuant to 39–A M.R.S. § 312(7) (2007).[3] Applying

---

1. Title 39–A M.R.S. § 205(9)(B)(1) (2007) provides, in relevant part:

 If no order or award of compensation or compensation scheme has been entered, the employer, insurer or group self-insurer may discontinue or reduce benefits by sending a certificate by certified mail to the employee and to the board, together with any information on which the employer, insurer or group self-insurer relied to support the discontinuance or reduction. The employer may discontinue or reduce benefits no earlier than 21 days from the date the certificate was mailed to the employee. The certificate must advise the employee of the date when the employee's benefits will be discontinued or reduced, as well as other information as prescribed by the board, including the employee's appeal rights.

2. Me. W.C.B. Rule, ch. 2, § 1 provides: "The permanent impairment threshold referenced in 39–A M.R.S.A. § 213(1) and (2) shall be reduced from 'in excess of 15%' to 11.8% or

greater effective January 1, 1998. This adjustment is based on an independent actuarial review performed by Advanced Risk Management Techniques, Inc."

 The Board recently increased the permanent impairment threshold for cases with dates of injury between 2002 and 2004 to 13.2%, and for cases with dates of injury after January 1, 2004, to 13.4%. Me. W.C.B. Rule, ch. 2, §§ 2, 3 (effective March 11, 2006).

3. Title 39–A M.R.S. § 312(7) (2007) provides, in relevant part:

 **(7) Weight.** The board shall adopt the medical findings of the independent medical examiner unless there is clear and convincing evidence to the contrary in the record that does not support the medical findings. Contrary evidence does not include medical evidence not considered by the independent medical examiner.

39–A M.R.S. § 213(1–A)(B)(1), the hearing officer determined that the impairment from all three injuries could be stacked, and concluded that Smith suffers 27% combined whole person permanent impairment. Hannaford filed a motion for additional findings of fact and conclusions of law. The hearing officer issued additional findings, but did not alter the original decision.

[¶ 5] Hannaford filed its petition for appellate review, challenging both the hearing officer's finding that Smith suffered 17% impairment as a result of the 1997 injury, and the ruling that the impairment from the 1986 injury could be stacked. We granted appellate review limited to the stacking issue only. Preliminarily, however, we must address Smith's contention that Hannaford's appeal is moot.

## II. DISCUSSION

[¶ 6] Smith asserts that Hannaford's appeal should be dismissed because a decision in Hannaford's favor would not afford it any effective relief. An issue is deemed to be "moot" when there is no "real and substantial controversy, admitting of specific relief through a judgment of conclusive character." *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 16, 738 A.2d 1239, 1243 (quotation marks omitted). When determining whether a case is moot, we examine "whether there remain sufficient practical effects flowing from the resolution of [the] litigation to justify the application of limited judicial resources." *Id.* ¶ 14 (quotation marks omitted).

[¶ 7] Whether impairment from Smith's 1986 injury can be stacked with impairment from her other injuries is relevant only to the issue of the duration of partial incapacity benefits. Even if we were to sustain the appeal and determine that it was error to include the 10% impairment from the 1986 injury, Smith will continue to receive partial incapacity benefits beyond the maximum number of weeks because the level of impairment from the 1997 injury (17%) is above any applicable limit. Because a decision in Hannaford's favor will not afford it any effective relief, we conclude that the appeal is moot.

[¶ 8] Hannaford contends that the appeal should not be dismissed because it fits within an exception to the mootness doctrine. There are three generally recognized exceptions to that doctrine that may justify addressing the merits of an otherwise moot appeal:

(1) Sufficient collateral consequences will result from the determination of the questions presented so as to justify relief;

(2) the appeal contains questions of great public concern that, in the interest of providing future guidance to the bar and the public we may address; or

(3) the issues are capable of repetition but evade review because of their fleeting or determinate nature.

*Lewiston Daily Sun*, 1999 ME 143, ¶ 17, 738 A.2d at 1243.

[¶ 9] Hannaford focuses on the public concern exception, contending that we should address the issue in the interest of providing guidance to the workers' compensation bar, as well as to employees, outlining when it is appropriate to stack the impairments resulting from different injuries. Hannaford asserts that as more employees receiving partial benefits approach the durational limit, this issue is bound to appear with increasing frequency. In addition, insurers and employers would benefit from an interpretation of section 213(1–A)(B)(1) in order to set rates and determine reserves.

[¶ 10] While issues regarding stacking of impairment from workplace injuries

may begin to appear with increasing frequency, the public interest does not warrant a decision from us on these issues at this time. *See Ten Voters of the City of Biddeford v. City of Biddeford*, 2003 ME 59, ¶ 9, 822 A.2d 1196, 1200. The issues are better suited to resolution in the context of a claim of present and fixed rights, as opposed to hypothetical or future rights. *See Me. Civil Liberties Union v. City of So. Portland*, 1999 ME 121, ¶ 8, 734 A.2d 191, 194.

The entry is:

Appeal dismissed.