MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2025 ME 37
Docket:         Yor-24-205
Argued:         January 8, 2024
Decided:        April 22, 2025

Panel:          STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

# FAIR FRIEND ENTERPRISE CO., LTD.

v.

# CNC SYSTEMS, INC.

DOUGLAS, J.

[¶1]  This action involves a dispute between CNC Systems, Inc., and its majority shareholder, Fair Friend Enterprise Co., Ltd., over access to corporate books and records under 13-C M.R.S. § 1602(2)-(4) (2025).  Following the Superior Court's (York County, *Mulhern, J.*) orders compelling CNC to produce certain records to Fair Friend, denying CNC's motion to stay the proceeding in light of contemporaneous litigation in California, and approving Fair Friend's request for an award of attorney fees pursuant to 13-C M.R.S. § 1604(3) (2025), CNC appealed.

[¶2]  CNC challenges the court's denial of its motion to stay this proceeding and the award of attorney fees to Fair Friend.  We dismiss the

portion of the appeal challenging denial of the motion to stay because it is now moot and we affirm the award of attorney fees.

## I.  BACKGROUND

[¶3]  The following substantive facts are taken from the allegations in the complaint, and the procedural facts are drawn from the record.  *See 20 Thames St. LLC v. Ocean State Job Lot of Me. 2017 LLC*, 2021 ME 33, ¶ 2, 252 A.3d 516.

[¶4]  Fair Friend is a Taiwan-domiciled company with its principal place of business in Taipei, Taiwan.  Fair Friend manufactures and sells computer numerical control equipment, machines, parts, and related items.  CNC is a Maine corporation that maintains a place of business in Kennebunk.  CNC is in the business of selling computer numerical control equipment, machines, parts, and other items.  Fair Friend is the majority shareholder of CNC, holding a 52% ownership interest.

[¶5]  Beginning in August 2018, Fair Friend and its affiliated companies sold and delivered to CNC equipment, machines, parts, and other items valued at approximately $4 million.  CNC did not pay for the goods.  In April 2019, CNC's chief financial officer, Bryan Chen, unilaterally demoted CNC's chief executive officer (and president), David Chu, who was a Fair Friend affiliate, and appointed himself as CNC's new chief executive officer without Fair Friend's

knowledge or approval.  This action was reflected in the "articles of correction" to the amended annual report filed with the Maine Secretary of State.

[¶6]  In February 2022, Fair Friend and two affiliated companies commenced a civil action against CNC in the Superior Court of California, County of Orange, asserting claims for breach of contract, unjust enrichment, fraudulent misrepresentation, and negligent misrepresentation arising out of the transactions dating back to August 2018 and an April 2021 agreement addressing the dispute.

[¶7]  On July 18, 2022, Fair Friend made a written demand to CNC pursuant to 13-C M.R.S. § 1602(2) for access to its books and records.  The July 18 demand asserted that "CNC is obligated to provide access to and copy [certain records]"[1] and requested that copies be furnished "no later than August 1, 2022."  Fair Friend's stated purpose in requesting the records was "to obtain, as majority shareholder [ ], an accurate understanding of CNC's business condition, financial and legal obligations, and corporate governing structure"

---

[1]  Specifically, Fair Friend requested "records described in 13-C M.R.S. § 1601," including minutes of meetings; accounting records; shareholder records; articles of incorporation, bylaws, and amendments thereto; certain board resolutions; shareholder meeting minutes, written communications, and furnished financial statements for the past four years; a list of current directors and officers; and the most recent annual report.  *See* 13-C M.R.S. §§ 1601(5), 1602(2) (2025).  In addition, Fair Friend requested financial statements, including balance sheets and P&L statements for the past four years; contracts with potential liability exceeding $100,000; and tax records for the past four years, including K-1s or similar forms, some of which are designated in 13-C M.R.S. § 1602(3).

4

as well as "the contractual commitments that have been undertaken by CNC, including through its agents, officers, and employees."

[¶8] When CNC failed to respond, Fair Friend filed a one-count complaint on August 5, 2022, in the Maine Superior Court seeking an order requiring CNC to permit Fair Friend to inspect its corporate records and to reimburse Fair Friend for its expenses in obtaining the order. *See* 13-C M.R.S. § 1604(1)-(3). Several months later, Fair Friend filed a "Shareholder's Application and Motion to Compel Production of Corporate Records." CNC filed an opposition to the motion as well as a motion to stay the Maine proceeding, citing the pending California lawsuit. CNC argued that Fair Friend's request for access to records was not made in good faith but rather was motivated purely by a desire to gain access to information in connection with the California action.

[¶9] After a hearing,[2] the court issued an order addressing the pending motions on March 9, 2023. The March 9 order granted Fair Friend's motion to compel CNC to produce the requested corporate records, concluding that Fair Friend had satisfied the statutory requirements for access to some of the records under 13-C M.R.S. § 1602(2), which requires only a five-day, written notice to the corporation, and to other records under 13-C M.R.S. § 1602(3)-(4),

---

[2] No transcript of the hearing is in the record on appeal.

which in addition to the five-day written notice requires, among other things, a "demand [made] in good faith and for a proper purpose" and that "the records are directly connected with the shareholder's purpose."  13-C M.R.S. § 1602(4).

[¶10]  The court found that Fair Friend had stated a "proper purpose," namely "to obtain an accurate understanding of CNC's business condition, financial and legal obligations, and corporate governing structure."  In rejecting CNC's contention that Fair Friend's sole motivation was to augment discovery in the litigation pending in California, the court found further that "CNC [had] allegedly taken actions that would cause any majority shareholder legitimate concern – namely demoting its CEO without shareholder approval, refusing to honor millions of dollars' worth of contractual obligations over the course of multiple years and failing to respond to shareholders' request[s] for information."

[¶11]  The March 9 order also denied CNC's motion to stay the Maine action, noting that "the parties are not identical to those in the California action, where Fair Friend is joined by two 'sister companies'"; Fair Friend had alleged claims in the Maine action distinct from the claims in the California action; and "Fair Friend's action is not 'designed solely to harass the adverse party,' nor to gain an edge in the California action."

6

[¶12] When CNC continued to delay producing the records as ordered in March, Fair Friend, in April 2023, filed a motion to enforce and issued subpoenas *duces tecum* to two local accounting firms that had prepared financial documents for CNC. CNC filed an opposition, a motion to dismiss, and a motion to quash the subpoenas *duces tecum*.[3] A hearing on the pending motions was held on September 1, 2023, after which CNC filed a renewed motion to stay the Maine proceedings, again asserting that the underlying facts and parties in the Maine and California actions are largely identical, therefore warranting a stay of the Maine proceedings.

[¶13] Following the hearing, the court issued an order on September 27, 2023, granting Fair Friend's motion to enforce. The September 27 order directed CNC to produce the remaining records[4] no later than October 17, 2023; denied CNC's motion to dismiss because it was premature "[b]ased on the incomplete status of production of documents pursuant to the Order"; and deferred consideration of the pending motions to quash. The order also directed the clerk to schedule a status conference in late October in order to

---

[3] One of the accounting firms that was subpoenaed filed a nonparty motion to quash.

[4] CNC had produced some of the requested records in the period between March and September 2023. The records that CNC had yet to produce included a current list of CNC's directors and officers; 1099 forms (or similar forms) issued by CNC; accounting records, including financial statements and the general ledger used to create the annual balance sheet; certain contracts; and 2022 state and federal tax returns and related records.

"assess the status of the matter and determine whether additional action is needed or if the matter should be stayed pending adjudication of a separate action between the parties in California."

[¶14]  The status conference scheduled pursuant to the September 27 order was held on November 8, 2023.  Prior to the conference, CNC filed a statement stating that it had complied with the September 27 order.  CNC represented that all records had been produced except one, the final 2022 financial statement, which had not yet been completed.  On November 28, 2023, the court ordered CNC to produce the "finalized 2022 financial statement within three weeks of its receipt."  The November 28 order directed Fair Friend to file its motion for an award of attorney fees "within four weeks" and provided that "[u]nless the Court determines after review that oral argument is warranted, it will rule [on the attorney fees motion] based on the filings." Another status conference was scheduled for March 4, 2024.

[¶15]  Fair Friend belatedly filed its motion for attorney fees in mid-February.  At the March 4 status conference, the court informed the parties that it would address the attorney fees motion after it was fully briefed.  The clerk sent notice of the next status conference, which was scheduled for July 1, 2024.

8

[¶16]  In an order entered on April 30, 2024, the court granted Fair Friend's motion for attorney fees in the amount of $23,906 as requested, concluding that "these attorney fees and costs were reasonable and necessary in view of the manner in which CNC Systems, Inc. resisted production of documents" and "filed serial motions to delay or avoid production of documents to Fair Friend."  CNC filed a notice of appeal following the entry of the April 30 order.  At that point, CNC still had not produced the final 2022 financial statement as ordered in the court's November 28 order.

[¶17]  On June 3, 2024, we ordered CNC to show cause why its appeal should not be dismissed as interlocutory.  CNC submitted a response arguing that the trial court granted all available statutory relief requested by Fair Friend and, alternatively, that the judicial economy exception is applicable.  Fair Friend filed a motion to dismiss the appeal as interlocutory.  We issued an order permitting the appeal to go forward, although clarifying that CNC's appeal may well be interlocutory and that Fair Friend was not precluded from so arguing in its brief.

## II.  DISCUSSION

[¶18]  CNC raises two issues on appeal.  First, it contends that the trial court abused its discretion in refusing to stay this action because Fair Friend, a

shareholder of CNC, is not entitled to access CNC's corporate records while the two entities are "involved in preexisting, overlapping litigation in another jurisdiction." Second, it contends that the court erred or abused its discretion in awarding Fair Friend attorney fees.[5]

## A.   Motion to Stay

[¶19]  After this appeal was filed, CNC produced the final 2022 financial statement, which was the last remaining record that had not been produced pursuant to the September 27 order. Accordingly, CNC now maintains that "all available statutory relief requested by [Fair Friend], including the court's

---

[5] Preliminarily, Fair Friend contends that this appeal is interlocutory because the decision from which CNC appeals—the April 30, 2024, attorney fees order—is not a final judgment and because there are pending motions and a continued status conference pending in the trial court. CNC maintains that it is appealing from a final judgment because "all available statutory relief" already has been awarded to Fair Friend. We agree that the appeal, when filed, was interlocutory. At that time, CNC had not yet produced all records as ordered; there were, as Fair Friend noted, matters pending in the trial court, including unaddressed motions to quash and a scheduled status conference; and the April 30, 2024, attorney fees order itself from which the appeal was taken is not a final judgment. Both parties now agree, however, that nothing remains to be adjudicated before the trial court. *See infra* ¶ 21. Although ordinarily "a party may not appeal a decision until a final judgment has been rendered in the case," *Irving Oil Ltd. v. ACE INA Ins.*, 2014 ME 62, ¶ 8, 91 A.3d 594 (quotation marks omitted), we conclude that given the unique circumstances of this case, including the events that have transpired since the appeal was filed, the judicial economy exception to our final judgment rule applies. *See Austin v. Universal Cheerleaders Ass'n*, 2002 ME 174, ¶ 7, 812 A.2d 253. The judicial economy exception "permits an interlocutory appeal when (1) review of a non-final order can establish a final, or practically final, disposition of the entire litigation, and (2) the interests of justice require that immediate review be undertaken." *Maples v. Compass Harbor Vill. Condo. Ass'n,* 2022 ME 26, ¶ 17, 273 A.3d 358 (quotation marks omitted). Effectively, we have before us a "final, or practically final, disposition of the entire litigation," including the trial court's order on attorney fees, which represents the only remaining issue in dispute. It would serve no interest—neither the parties' nor the courts'—to remand this matter back to the trial court at this point for formal entry of a final judgment before taking up the issue before us, given that the trial court has granted all relief requested, including the claim for attorney fees, and our addressing the fee claim finally disposes of all issues in the case.

March [9], 2023, order permitting the 'inspection and copying of the records demanded' and [the] April 30, 2024, order awarding [Fair Friend's] 'expenses incurred to obtain the [inspection] order,'" has been granted.

[¶20]   Fair Friend concedes that production of the 2022 financial statement "closes out CNC Systems' production of books and records under the July 18, 2022 Demand and the Court's Orders" and thus "has the effect of rendering moot the Subpoenas and Second Motion to Stay."  At oral argument, both parties confirmed that CNC has produced, and Fair Friend has received, all of the records demanded.  Fair Friend represented that it no longer needs to press the subpoenas issued to CNC's accountants and intends to withdraw them.  CNC represented that it intends to withdraw its motion to quash upon remand of the case to the trial court.[6]   Also, the status conference initially scheduled for July 2024 to monitor CNC's final compliance is no longer necessary.

[¶21]  Because the parties agree that CNC has now produced all records demanded by Fair Friend pursuant to Title 13-C, the full measure of relief under the statute has been granted (including the attorney fees award, addressed below). CNC's motion to stay no longer has vitality and is moot.  *See Smith v.*

---

[6] The nonparty motion to quash, which remains pending in the trial court, is also now moot and should be dismissed upon remand as well.

*Hannaford Bros*, 2008 ME 8, ¶ 6, 940 A.2d 1079 ("An issue is deemed 'moot' when there is no real and substantial controversy, admitting of specific relief through a judgment of conclusive character." (quotation marks omitted)).

## B. Attorney Fees

[¶22] CNC contends that the trial court abused its discretion in awarding attorney fees to Fair Friend under 13-C M.R.S. § 1604 because CNC had a good faith, reasonable basis for doubting Fair Friend's right to inspect the records demanded. It further maintains that the court's factual findings are "unsupported by the record." Because the attorney fees dispute is the only remaining issue in this matter and has been fully briefed, we will address it in this appeal.

[¶23] We review the court's authority to award attorney fees de novo and the amount of the award for an abuse of discretion. *See Fortney & Weygandt, Inc. v. Lewiston DMEP IX, LLC*, 2022 ME 5, ¶ 15, 267 A.3d 1094. "To the extent that interpretation of a statute is required in conjunction with the award . . . we review the statutory construction de novo." *Kilroy v. Ne. Sunspaces, Inc.*, 2007 ME 119, ¶ 6, 930 A.2d 1060. A court's factual findings with respect to the award of attorney fees are reviewed for clear error, *see Sweet v. Breivogel*, 2019 ME 18, ¶ 23, 201 A.3d 1215, and we will affirm the findings of

the trial court if they are supported by competent evidence in the record. *See Pelletier v. Pelletier*, 2012 ME 15, ¶ 13, 36 A.3d 903.

[¶24] An award of attorney fees in connection with a request to inspect corporate records is governed by section 1604(3) of the Maine Business Corporation Act, which provides:

> If the court orders inspection and copying of records demanded under subsection 1 or 2, the court *shall also order the corporation to pay the shareholder's expenses* incurred to obtain the order *unless* the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the shareholder to inspect the records demanded.

13-C M.R.S. § 1604(3) (emphasis added). The Act defines "expenses" as "reasonable expenses of any kind that are incurred in connection with a matter, including, but not limited to, attorney's fees." 13-C M.R.S. § 102(11-A) (2025). Thus, a shareholder who is forced to petition the court for an order to inspect the corporation's records and then prevails on that petition is entitled to reimbursement of expenses incurred, including attorney fees, *unless* the corporation can prove that its refusal was "in good faith because it had a reasonable basis for doubt about the right of the shareholder to inspect the records demanded." 13-C M.R.S. § 1604(3).

[¶25] CNC argues that it proved that its refusal was made in good faith because it reasonably believed that Fair Friend was seeking access to the

records for the purpose of aiding the litigation pending in California, and a shareholder's request to inspect records while there is concurrent, pending litigation between a shareholder and the corporation is not a proper purpose or good faith basis to permit inspection. This argument fails for several reasons.

[¶26] Many of the records that Fair Friend requested were records that a shareholder is entitled to inspect and copy unconditionally, provided that "the shareholder gives the corporation a signed written notice of the shareholder's demand at least 5 business days before the date on which the shareholder wishes to inspect and copy." 13-C M.R.S. § 1602(2). As to the records requiring that a "shareholder's demand [be] made in good faith and for a proper purpose," *id.* § 1602 (3)-(4), we agree that an order compelling access may not be supportable where it is sought solely "as an aid to the prosecution or defense of other litigation" or for "vexatious or unlawful" purposes. *See Holdsworth v. Goodall-Sanford, Inc.*, 143 Me. 56, 59-60, 55 A.2d 130, 132 (1947).

[¶27] Here, however, the court, in its ruling on Fair Friend's motion to compel, expressly found that was not the case. On the contrary, the court found that Fair Friend had stated a proper purpose ("to obtain an accurate understanding of CNC's business condition, financial and legal obligations, and corporate governing structure") and that CNC's actions, including unilaterally

ousting its CEO, ignoring substantial contractual obligations over the course of several years, and failing to respond to shareholder requests for information "would cause any majority shareholder legitimate concern."

[¶28]   In addition, contrary to CNC's assertions that it was refusing inspection in good faith, the trial court found otherwise, reasoning that the attorney fees award was justified given "the manner in which CNC Systems, Inc. resisted production of documents" and "filed serial motions to delay or avoid production of documents to Fair Friend."   The procedural history recounted above supports the court's findings in this regard.  *See supra* ¶¶ 6-17.

[¶29]   CNC's challenge to the sufficiency of the evidence to support the court's findings also fails.  Despite the paucity of explicit findings in the April 30 attorney fees order itself, the court's previous findings in connection with its ruling on Fair Friend's motion to compel and CNC's motion to stay were directly relevant to the "good faith" and "reasonable basis for doubt" arguments that CNC was making with regard to its burden under 13-C M.R.S. § 1604(3). Moreover, CNC did not move for additional findings of fact pursuant to M.R. Civ. P. 52(b), and in the absence of such a motion we infer that the court made all findings necessary to support its conclusions.  *Weeks v. Krysa*, 2008 ME 120, ¶ 11, 955 A.2d 234.  Indeed, from the record on appeal, it appears that CNC put

forth no evidence to support its contention that Fair Friend was not acting in good faith or with proper purpose other than unattested copies of pleadings from the California litigation. As the party with the burden of proof below, CNC has not demonstrated that a contrary finding was compelled by the evidence. *See Est. of Giguere*, 2024 ME 41, ¶ 15, 315 A.3d 737 ("For an appellant who had the burden of proof at trial to prevail on a sufficiency of the evidence challenge on appeal, that party must demonstrate that a contrary finding was compelled by the evidence." (quotation marks omitted)).

The entry is:

> Appeal dismissed as moot to the extent that it challenges the denial of the motion to stay. April 30, 2024, order awarding attorney fees affirmed. Remanded for dismissal of all pending motions and entry of final judgment.

---

Russell B. Pierce, Jr., Esq., and Joseph M. Mavodones, Esq. (orally), Norman, Hanson & DeTroy, LLC, for appellant CNC Systems, Inc.

Daniel J. Murphy, Esq. (orally), Bernstein Shur, Portland, for appellee Fair Friend Enterprise Co., Ltd.

York County Superior Court docket number CV-2022-156
FOR CLERK REFERENCE ONLY